IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---

**ANGELA McCULLOUGH, MARQUITA JOHNSON, KENNY JONES, ALGI EDWARDS, LEVON AGEE, ADRIAN EDDIE FLOYD, HASSAN CALDWELL, DEVRON JAMES, ASHLEY DAWN SCOTT, and CHRISTOPHER MOONEY,** on behalf of themselves, individually, and on behalf of a class of all others similarly situated,

        Plaintiffs,

V.

**THE CITY OF MONTGOMERY, ALABAMA; ERNEST N. FINLEY, JR., CHIEF OF POLICE OF THE CITY OF MONTGOMERY,** in his individual capacity; **KEVIN MURPHY, FORMER CHIEF OF POLICE OF THE CITY OF MONTGOMERY,** in his individual capacity; **LES HAYES, III, PRESIDING JUDGE OF THE MUNICIPAL COURT OF THE CITY OF MONTGOMERY,** in his individual and official capacities; **JUDICIAL CORRECTION SERVICES, INC.,** a corporation; and **TODD STRANGE, MAYOR OF THE CITY OF MONTGOMERY,** in his individual capacity,

Case No. 2:15-cv-00463-WKW-WC
**CLASS ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

---

**PLAINTIFFS' MOTION TO CONSOLIDATE CASES PURSUANT TO RULE 42(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND/OR TO REASSIGN THIS CASE**

INTRODUCTION

Plaintiffs hereby move this Court to have this action consolidated with *Mitchell v. City of Montgomery* Case No. 2:14-cv-00186-MHT pursuant to Rule 42 (a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 42(a) and/or to reassign this case to Judge Myron Thompson, who is overseeing the joint settlement agreement and new procedures in *Mitchell*. (Docs. #51 & 51.1. *Mitchell)*

The purpose of Rule 42(a) is to give courts broad discretion to decide how cases on its docket are to be handled so that the business of the court may be dispatched with expedition and economy while providing justice to the parties. Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).

I. THESE ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT

Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law or fact." Fed.R.Civ.P. 42(a). Even if there are some questions that are not common, consolidation is not precluded. *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981); See *Central Motor Co. v. United States,* 583 F.2d 470 (10th Cir. 1978).

Common questions of law and fact have arisen from the motions to dismiss and supporting brief recently filed in this case by the City Defendants and Presiding Judge Hayes. (Docs. ##47, 48, 53). The common issues of law and fact relate to the interpretation, effect and extent of compliance with the settlement agreement (Docs. #51 & 51.1. *Mitchell)* currently in force and under the supervision of the Judge in the *Mitchell* case.

Defendants have drawn into question the interpretation and compliance with the settlement agreement and new procedures. Plaintiffs request consolidation of these cases and/or that their case be reassigned to Judge Myron Thompson, who approved the settlement agreement

and procedures in *Mitchell,* and who retains jurisdiction to monitor compliance with the agreement.

## II. A COURT HAS BROAD DISCRETION IN ORDERING CONSOLIDATION

In *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985), the Eleventh Circuit upheld the lower court's consolidation order and described the analysis of Rule 42(a) determinations, as follows:

> This rule is a codification of a trial court's inherent managerial power " 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir.1977) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)).We have encouraged trial judges to "make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195 (5th Cir.1966), cert. denied, 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967).
>
> A district court's decision under Rule 42(a) is purely discretionary. *In re Air Crash*, 549 F.2d at 1013; *Whiteman v. Pitrie*, 220 F.2d 914, 917-18 (5th Cir.1955). In exercising its discretion, the court must determine:
>
>> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.
>
> *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982), cert. denied, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1983) and 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984). . . .We will not disturb a trial court's decision to consolidate unless it constitutes a clear abuse of discretion. *In re Air Crash*, 549 F.2d at 1013; *Whiteman*, 220 F.2d at 918. *Id.* (footnotes omitted).

This case is in its early stages and consolidation offers efficiency and convenience, rather than delay, in resolving the common issues. Any possible confusion or risk of prejudice is overborn by the risks of inconsistent rulings on common issues of law or fact and the efficiency of resources of the Court and parties. Judge Thompson has retained jurisdiction in *Mitchell* in

order to monitor and resolve issues concerning interpretation and ongoing compliance with the settlement order and attached procedures, to which the City of Montgomery and Presiding Judge Hayes are parties.[1] He is best situated to efficiently consider the issues of interpretation and compliance that have been raised by Defendants' invocation of these documents as mooting injunctive and declaratory relief in this case, as well as any other issues regarding the settlement agreement and procedures that may arise as in the litigation of this case.

## CONCLUSION

Plaintiffs request this Court to grant their motion to consolidate this action with the *Mitchell* case and/or to reassign this case to Judge Myron Thompson, who approved and is currently overseeing compliance with the settlement agreement and procedures in that case. Respectfully submitted,

                                              _____
FAYA ROSE TOURE (ASB-5931-R78R)
HENRY SANDERS (ASB-6179-A34H)
CHESTNUT, SANDERS & SANDERS, LLC
One Union Street
P.O. Box 1290
Selma, Alabama 36702
Telephone: 334-526-4531
Fax: 334-526-4535
E-mail: fayarose@gmail.com
        Gpompey@csspca.com

---

[1] At least one Notice *of* Willful Violation of Court Order has been filed under the *Mitchell* settlement agreement. *See* (Doc. #32, ¶ 7 n. 10). The Notice was filed on April 2, 2015, and was based on allegations that a municipal judge had assessed summary fines against numerous individuals for arriving late, and had jailed at least two people who could not pay the fines immediately. After Defendants represented to the Court that corrective action had been taken, the Judge entered an order that the court would, therefore take no further action regarding these allegations. *Id.*

        s/ Martha I. Morgan
        MARTHA I. MORGAN (ASB-3038-A46M)
        8800 Lodge Lane
        Cottondale, Alabama  35453
        Telephone: 205-799-2692
        E-mail: mimorgan@yahoo.com

        **Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, on this 12th day of November, 2015.

        s/ Martha I. Morgan
        Of Counsel