**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| ANGELA MCCULLOUGH, MARQUITA JOHNSON, KENNY JONES, ALGI EDWARDS, LEVON AGEE, ADRIAN EDDIE FLOYD, HASSAN CALDWELL DEVRON JAMES, ASHLEY DAWN SCOTT, AND CHRISTOPHER MOONEY, ON BEHALF OF THEMSELVES, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO: 2:15-CV-463-WKW |
| VS. | ) ) | |
| THE CITY OF MONTGOMERY, ALABAMA; ERNEST N. FINLEY, JR., CHIEF OF POLICE OF THE CITY OF MONTGOMERY, IN HIS INDIVIDUAL CAPACITY; KEVIN MURPHY, FORMER CHIEF OF POLICE OF THE CITY OF MONTGOMERY, IN HIS INDIVIDUAL CAPACITY; LES HAYES, III, PRESIDING JUDGE OF THE MUNICIPAL COURT OF THE CITY OF MONTGOMERY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; AND JUDICIAL CORRECTION SERVICES, INC., A CORPORATION; AND TODD STRANGE, MAYOR OF THE CITY OF MONTGOMERY, IN HIS INDIVIDUAL CAPACITY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION TO CONSOLIDATE OR REASSIGN (Doc. 58)**

COME NOW Defendants City of Montgomery, Ernest Finley, Kevin Murphy, Todd Strange, and Les Hayes and file this brief in opposition to Plaintiffs' motion to consolidate or reassign this case (Doc. 58).

First, the initial grounds for the Plaintiffs' motion – consolidation under Rule 42(a) –

appear to have already been resolved by Court Order in *Mitchell v. City of Montgomery, No.*

*2:14cv186-MHT,* Doc. 65, in which the *Mitchell* Court denied consolidation on the ground that the

case was closed and all issues "have been resolved."  Indeed, in connection with a case that has

been closed, none of the reasons justifying consolidation in Eleventh Circuit case law appear to

come into play.[1]

In the alternative, the Plaintiffs seek reassignment of this case to Judge Thompson who

presided over the final months of the *Mitchell* matter.  Plaintiffs appear to base this alternative on

the same ground as they do the motion to consolidate: "The common issues of law and fact relate

to the interpretation, effect and extent of compliance with the settlement agreement (Docs. #51 &

51.1. *Mitchell)* currently in force and under the supervision of the Judge in the *Mitchell* case." Doc.

58 at 2.

First, it is crucial to understand that Defendants mentioned *Mitchell* in connection with

Plaintiffs' request for injunctive relief only once.  It is mentioned in connection with Count III and

Plaintiffs' lack of standing to enjoin the City from arresting them in the future in connection with

unpaid fines and costs.  Defendants argue in their brief in support of their motions to dismiss (Doc.

53 page 26[2]) that no Plaintiff has alleged any facts that would support standing, i.e., they have not

---

[1] Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court."
*Young v. City of Augusta,* 59 F.3d 1160, 1168 (11th Cir.1995) (internal quotes omitted). In exercising that
discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against
the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the
Court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple
lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not
consolidated. *Hendrix v. Raybestos–Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir.1985). "District courts
in this circuit have been urged to make good use of Rule 42(a) ... in order to expedite the trial and eliminate
unnecessary repetition and confusion." *Young,* 59 F.3d at 1169 (internal quotes omitted).
[2] This represents the actual page number at the bottom of the document as reflected in the document's table
of contents and not the number stamped on the document at the top of the page.

alleged facts supporting anything more than speculation that they would be arrested in the future for failure to pay fines and costs.[3]  Defendants add only a single line about *Mitchell:* "Furthermore, the order and judicial procedures in place as a result of the settlement in *Mitchell v. City of Montgomery* (*see* Case 2:14-cv-00186-MHT-CSC, Docs. 51 & 51.1) moot any issues related to arrests made in connection with court defendants who owe fines and costs."  Doc. 53 at 26.

Judge Thompson, having played no role in the framing of the settlement in *Mitchell*, particularly any part that relates to arrest warrants, is in no better position than the Judge currently assigned to this case to rule on whether the *Mitchell* agreement's terms moot the Plaintiffs' request for injunctive relief.  *See also, e.g., Polk v. Sears Roebuck and Co.,* No. 11–0725–WS–B, 2012 WL 1145047, *2 at n.2 (S. D. Ala., April 4, 2012).  In *Polk*, where no motion to consolidate was filed before the plaintiff's initial case against the same defendant was dismissed, the Court found no basis for reassigning the case to the judge who handled the initial case.  Judge Steele wrote: "This Court can apply the principles of exhaustion and res judicata to Polk's Amended Complaint and to the dismissal order in *Polk I* just as easily as that order's author could. Thus, it is not apparent that any meaningful advantages in terms of efficiency or judicial economy would be realized by transferring this action to Judge Granade more than a month after she dismissed the related litigation as untimely."

In the instant case, the grounds for reassignment are substantially weaker than those presented in *Polk* because that case involved an identity of parties and presumably of claims, and in that case the initial court had actually ruled on the claims that were to be subject to the res judicata and collateral estoppel issues before the court.  In contrast, the parties here (except for the City) are entirely different between this case and *Mitchell*, the claims are broader than those

---

[3]Defendants do not concede that anyone was ever arrested for unpaid fines and costs.

presented in *Mitchell,* and the *Mitchell* court did not rule on any issue related to the "common issue" allegedly before the court (*i.e*., the nature or adequacy of the relief provided in the Agreement relative to arrest warrants).

In conclusion, Plaintiffs' motion to transfer should be dismissed on the ground that it does not appear that any meaningful advantages in terms of efficiency or judicial economy would be realized by transferring this action.

Respectfully submitted this 23rd day of November, 2015.

s/ Shannon Holliday
Shannon Holliday [ASB-5440-Y77S]
Robert D. Segall [ASB-7354-E68R]
Joel Caldwell [ASB-4625-Z36E]
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
holliday@copelandfranco.com
segall@copelandfranco.com
caldwell@copelandfranco.com
**Attorneys for Defendants City of Montgomery, Finley, Murphy, Hayes and Strange**

                                    s/ E. Ham Wilson
                                    E. Ham Wilson
                                    Ball, Ball, Matthews & Novak, P.A.
                                    Post Office Box 2148
                                    Montgomery, AL  36109-5413
                                    hwilson@ball-ball.com
                                    **Co-Counsel for Defendant Les Hayes, III**


## CERTIFICATE OF SERVICE

I hereby certify that on the 23th day of November, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Martha I. Morgan
8800 Lodge Lane
Cottondale, Alabama  35453

Faya Rose Toure
Henry Sanders
Chestnut, Sanders & Sanders, LLC
One Union Street
P.O. Box 1290
Selma, AL  36702

                                    s/Shannon L. Holliday
                                    Of Counsel