IN THE UNITED STATED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ANGELA MCCULLOUGH, MARQUITA JOHNSON, KENNY JONES, ALGI EDWARDS, LEVON AGEE, ADRIAN EDDIE FLOYD, HASSAN CALDWELL, DEVRON JAMES, ASHLEY DAWN SCOTT, and CHRISTOPHER MOONEY, on behalf of themselves, individually, and on behalf of a class of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF MONTGOMERY, ALABAMA; EARNEST N. FINLEY, JR., Chief of Police of the City of Montgomery, in his individual capacity; KEVIN MURPHY, former Chief of Police of the City of Montgomery, in his individual capacity; LES HAYES III, Presiding Judge of the Municipal Court of the City of Montgomery, in his individual and official capacities; JUDICIAL CORRECTION SERVICES, INC., a corporation; and TODD STRANGE, Mayor of the City of Montgomery, in his individual capacity,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.  2:15-cv-00463-WKW-WC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# Judicial Corrections Services, Inc.'s Initial Response to Plaintiffs' Motion for Class Certification

Defendant Judicial Correction Services, Inc. ("JCS") requests that the Court deny the Plaintiffs' motion for class certification (Doc. 63) as premature, without prejudice to its being re-filed at an appropriate time. Alternatively, if the Court wishes to take up the merits of the Plaintiffs' motion for class certification at this time, JCS requests that the Court enter a briefing schedule allowing the Defendants sufficient time to adequately address the issues raised by that motion.

## I. This Court should address the Defendants' motions to dismiss before considering class certification.

The Court must first determine whether it has jurisdiction and whether the Plaintiffs have even stated claims upon which relief can be granted before it can address whether a plaintiff class can be certified. Currently pending before the court are motions to dismiss filed by the Defendants.[1] Class certification cannot proceed until the parties know what, if any, claims will be going forward and what claims will not. Engaging in analysis and discovery on class certification makes little sense at this stage of the proceedings when the First Amended Complaint is subject to a fully dispositive motion that may render the motion for class certification moot, in whole or significant part. To engage in class-

---

[1] Plaintiffs filed their original Complaint (Doc. 1) on July 1, 2015. Plaintiffs filed their First Amended Complaint (Doc. 32) 50 days later, on August 20, 2015. The Defendants filed motion to dismiss the First Amended Complaint (Docs. 46, 47, 48, 54), and briefing on those motions is currently due to be concluded on December 4, 2015.

certification proceedings now would be "to engage in vain and useless effort merely for the sake of form," which, of course, this Court is not required to do.[2] Significantly, courts routinely consider dispositive motions before resolving class-certification motions. *See, e.g.*, *Thornton v. Mercantile Stores Co.*, 13 F. Supp. 2d 1282, 1290 (M.D. Ala. 1998) ("the vast majority of courts have held that dispositive motions may be considered prior to ruling on a motion for class certification").[3] Thus, this Court should not give consideration to the motion for class certification at least until it rules on the pending motions to dismiss. Additionally, the Defendants should not be required to brief the motion for class certification until there is a ruling on the motions to dismiss so there is some clarity as to what claims, if any, will be included.

---

[2] *See Haas v. Pittsburgh Nat. Bank*, 381 F. Supp. 801, 806 (W.D. Pa. 1974) (dismissing claims on summary judgment before class determination), *aff'd in part and rev'd in part on other grounds*, 526 F.2d 1083 (3d Cir. 1975).

[3] *See also, e.g.*, House of Corr. Block Representatives Comm. v. Creamer, No. CIV A. 97-6822, 1998 WL 242663 (E.D. Pa. Apr. 30, 1998) (declining to address class certification pending resolution of defendants' motion to dismiss and ultimately granting motion for summary judgment without addressing class certification); *Reilly v. Gould, Inc.*, 965 F. Supp. 588 (M.D. Pa. 1997) (dismissing some of the plaintiffs' claims on a Rule 12(b)(6) motion to dismiss before addressing class certification); *Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 214 (2d Cir. 1987) (affirming the district court decision to reserve decision on class certification pending disposition of motions to dismiss); *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) (affirming a decision to decide a summary-judgment motion before addressing class certification "to protect both the parties and the court from needless and costly further litigation").

## II. The Court must conduct a rigorous analysis of the claims, defenses, and the substantive law to determine if Plaintiffs have satisfied the requirements of Rule 23 by a preponderance of the evidence, and that cannot be done immediately after the filing of the Complaint.

This Court must conduct a rigorous analysis to determine whether the Plaintiffs have met their burden of showing the requirements for class certification by a preponderance of the evidence. "A district court may certify a class only if, after 'rigorous analysis,' it determines that the party seeking certification has met its burden by a preponderance of the evidence."[4] In performing the required rigorous analysis, "a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues."[5] "The court must conduct a searching inquiry, including a possible 'probe behind the pleadings before coming to rest on the certification question.'"[6] This necessarily requires a

---

[4] *Local 703, I.B. of T. Grocery and Food Employees Welfare Fund v. Regions Fin.*, 282 F.R.D. 607, 611 (N.D. Ala. 2012) (quoting *General Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 158–61 (1982), and *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 202–04 (2d Cir. 2008)); *see also In re HealthSouth Corp. Sec. Litig.*, 257 F.R.D. 260, 271 (N.D. Ala. 2009).

[5] *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000).

[6] *In re HealthSouth Corp. Sec. Litig.*, 257 F.R.D. 260, 271 (N.D. Ala. 2009) (quoting *General Tel. Co. of the SW v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364 (1982)); *see also*, *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 615, 117 S. Ct. 2231 (1997) (stating that Rule 23 invites a "close look" before certifying a class); *Rutstein v. Avis Rent–A–Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000) ("Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.") (internal quotation marks and citation omitted); *Newton v.*

thorough examination of the evidentiary record.[7] But there has been no opportunity to develop an evidentiary record. There has been no discovery whatsoever. There haven't even been initial disclosures or a scheduling order. Discovery is necessary to enable the Court to decide on a developed record, among other things, whether claims with merit have been asserted, whether Plaintiffs' putative claims are typical of all proposed class members, whether common issues exist, and whether the named Plaintiffs will or can adequately represent the putative class. Additionally, often expert testimony is needed or warranted in consideration of class-certification issues, and there has been no opportunity for any expert to examine the issues and form opinions.

A respected class-action treatise notes that Rule 23 was amended in 2003 to provide for more time for courts to consider class certification in order to, among other things, enable discovery relevant to class certification and give the court time to consider dispositive motions without binding the class:

> Federal Rule of Civil Procedure 23(c)(1)(a), which governs the timing of class certification, states: "*At an early practicable time* after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." The italicized language was adopted in 2003. Prior to that time, Rule 23 required that a certification decision be made "as soon as practicable." By excising the "as soon as" formulation, the new language gives

---

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 168-69 (3d Cir. 2001) (holding that a court "must probe beyond the surface of plaintiffs' allegations" to ascertain whether plaintiffs' claims satisfy Rule 23's requirements).

[7] *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

> courts more time to address certification, bringing the rule in line with what had become a *de facto* practice even under the older, more urgent language. The Advisory Committee that drafted the new language noted that providing courts with additional time served several important goals, including: (1) enabling discovery relevant to certification; (2) helping a court to "determine how the case will be tried," including possibly creating a "trial plan"; (3) permitting a court to consider dispositive motions without binding the class; and (4) giving more leeway to consider counsel's adequacy under newly enacted Rule 23(g).

3 William B. Rubenstein, *Newberg on Class Actions* § 7:5 (5th Ed. 2014) (emphasis in original; footnotes with citations omitted). This Court's consideration of class certification at this extremely early stage would be contrary to the intent of the language of Rule 23, as it is not yet "practicable" to engage in the analysis required for certification. *See Weiss v. Regal Collections*, 385 F.3d 337, 347 (3rd Cir. 2004) (federal rules do not "require or encourage premature certification determinations").

Rushing at this early stage of the case to consider certification is insufficient to allow the development of an evidentiary record that would allow the rigorous analysis required of the Court. Therefore, the motion for class certification must be denied as premature. *See Minniti v. Eilers*, 302 F.R.D. 655, 656 (S.D. Fla. 2014) (denying as premature a motion for class certification filed three days after filing the complaint); *Church v. Accretive Health, Inc.*, 299 F.R.D. 676, 676-67, 679 (S.D. Ala. 2014) (denying a motion for class certification filed "prior to defendant's filing of a responsive pleading or the commencement of formal

-5-

discovery" as premature where "[t]o date, no scheduling order has been entered, and no discovery deadlines have been set; indeed, the parties have not even conducted a Rule 26(f) conference, much less submitted the accompanying report of parties' planning meeting" and the "action remains squarely in the starting blocks").

## Conclusion

Because the Plaintiffs' motion for class certification is extremely premature, JCS requests that the Court deny that motion. The denial of the motion should be without prejudice so that, if any claims survive the motions to dismiss, Plaintiffs may re-file it an a more appropriate time.

Alternatively, if the Court disagrees that the motion is premature, JCS requests that the Court set a briefing schedule allowing the Defendants sufficient time to prepare a brief on the merits.

Respectfully submitted on December 2, 2015.

        *s/ Larry S. Logsdon*
Larry S. Logsdon (ASB-0832-G69L)
Voice:    (205) 874-0341
Fax:      (205) 874-3241
llogsdon@wallacejordan.com

        *s/ Michael L. Jackson*
Michael L. Jackson(ASB-1143-S75M)
Voice:    (205) 874-0315
Fax:      (205) 874-3251
mjackson@wallacejordan.com

        *s/ Wesley K. Winborn*
        Wesley K. Winborn (ASB-8938-S66W)
        Voice:   (205) 874-0310
        Fax:     (205) 874-3276
        wwinborn@wallacejordan.com

        Attorneys for Defendants Judicial Correction Services, Inc.

Of Counsel:
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, Alabama 35253
(205) 870-0555

## Certificate of Service

I certify that on December 2, 2015, I served a copy of the foregoing response on all counsel by the Court's CM/ECF electronic-filing system or by United States Mail as follows:

Henry Sanders, Esq.
Faya Rose Toure, Esq.
Chestnut, Sanders & Sanders LLC
PO Box 1290
Selma, AL  36702
gpompey@csspca.com
fayarose@gmail.com

Martha Irene Morgan, Esq.
Attorney at Law
8800 Lodge Lane
Cottondale, AL  35453
mimorgan@yahoo.com

Edward Hamilton Wilson Jr., Esq.
Miland Fredrick Simpler III, Esq.
Ball Ball Matthews & Novak PA
PO Box 2148
Montgomery, AL  36102-2148
hwilson@ball-ball.com
msimpler@ball-ball.com

Kimberly Owen Fehl, Esq.
Michael D. Brymer, Esq.
Montgomery City Attorney's Office
PO Box 1111
Montgomery, AL  36101-0111
kfehl@montgomeryal.gov
mbrymer@montgomeryal.gov

Robert D. Segall, Esq.
Shannon Lynn Holliday, Esq.
Joel Thomas Caldwell, Esq.
Copeland Franco Screws & Gill
PO Box 347
Montgomery, AL  36101-0347
segall@copelandfranco.com
holliday@copelandfranco.com
caldwell@copelandfranco.com

        *s/ Michael L. Jackson*
        Michael L. Jackson
        mjackson@wallacejordan.com