# THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA MCCULLOUGH, MARQUITA JOHNSON, KENNY JONES, ALGI EDWARDS, LEVON AGEE, ADRIAN EDDIE FLOYD, HASSAN CALDWELL DEVRON JAMES, ASHLEY DAWN SCOTT, AND CHRISTOPHER MOONEY, ON BEHALF OF THEMSELVES, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | **CASE NO: 2:15-CV-463-WKW** |
| VS. | ) ) | |
| THE CITY OF MONTGOMERY, ALABAMA; ERNEST N. FINLEY, JR., CHIEF OF POLICE OF THE CITY OF MONTGOMERY, IN HIS INDIVIDUAL CAPACITY; KEVIN MURPHY, FORMER CHIEF OF POLICE OF THE CITY OF MONTGOMERY, IN HIS INDIVIDUAL CAPACITY; LES HAYES, III, PRESIDING JUDGE OF THE MUNICIPAL COURT OF THE CITY OF MONTGOMERY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; AND JUDICIAL CORRECTION SERVICES, INC., A CORPORATION; AND TODD STRANGE, MAYOR OF THE CITY OF MONTGOMERY, IN HIS INDIVIDUAL CAPACITY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF MONTGOMERY'S
NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY (DOC. # 86)**

COME NOW Plaintiffs and file this response to the Defendant City of Montgomery's Notice of Filing of Supplemental Authority (Doc. # 86), which attached a copy of a March 16, 2016 opinion in *Harris v. City of Austin,* Case No. A-15-CA-956-SS (W.D. Tex.).

The City of Montgomery broadly asserts that the *Harris* opinion somehow entitles it to prevail on its motions to dismiss all but two of Plaintiffs' claims, as well as the individual capacity claims against Defendants Strange, Finley, Murphy, and Hayes.[1]  To the contrary, the recent Texas Federal District Court opinion does not support dismissal of any[2] of Plaintiffs' claims in this case.[3]

The only thing about the *Harris* opinion that favors Defendants in this case is that the City of Austin won and the Plaintiff lost on motions to dismiss in a case that involved Section 1983 claims alleging violations of Sixth and Fourteenth Amendment rights similar to some of the

---

[1] The individual capacity claims in this case do not depend upon the existence of any municipal policy or practice. And because all of Plaintiffs' constitutional claims allege violations of long-standing clearly established law, none of the individual Defendants sued in their individual capacities are entitled to qualified immunity for their challenged actions.

[2] Liability claims for the challenged actions or omissions of JCS--both the company's own liability and the liability of the City for the acts of its joint participant--are in no way addressed or affected by the *Harris* decision.

[3] Indeed, the City's notice does not even mention dismissal of the alternative official capacity claims against Presiding Judge Hayes. Even if there was, and there is not, any part of the challenged debtors' prison scheme that was not found to be attributable to municipal policy or custom, Plaintiffs would nevertheless be entitled to declaratory and potentially injunctive relief against Hayes in his official capacity as a state judge. *See* 1996 Amendment to Sec. 1983. ("in any action against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

In setting policies or customs as presiding judge, Hayes must be either act as a policymaker for the municipality or for the state. Defendants cannot have their cake and eat it too with respect to Plaintiffs' official capacity claims against Hayes. And the City itself has repeatedly taken the position that Hayes is a state official in performing his challenged functions as presiding judge.

claims in this case. Notwithstanding the City of Austin's (at least temporary)[4] victory, the theory of municipal liability advanced by Plaintiff Harris differed significantly from that of Plaintiffs in this suit. Here, the Plaintiff's approach to municipal liability mirrors that adopted by the Georgia Federal District Court in *Walker v. City of Calhoun,* No. 4:15-cv-0170-HLM (N.D. Ga. January 28, 2016). *See* Plaintiffs Notice of New Authority (Doc. # 78).

The opinion in *Harris* turned on the Texas District Court's rejection of the Plaintiff's specious argument that the City of Austin's municipal judge was acting as a municipal rather than state official because his actions were in violation of state law.[5] Plaintiffs in the case at hand do not base their allegations of municipal liability on any such argument. Instead, Plaintiffs here premise their municipal liability claims on a careful examination and analysis of Alabama law on the status of municipal courts and judges, which is similar in many respects to Georgia law on the status of municipal courts and judges. Applying this approach to the question, as required by *McMillian v. Monroe County,* 520 U.S. 781 (1997), leads to the unmistakable conclusion that in Alabama, as in Georgia, because municipal courts are "very different creatures," (*Walker* Doc. # 40, at 64), than state trial courts, when municipal judges establish general policies, they are policymakers for the municipality, subjecting the City itself to liability. And, both here and in *Walker,* the City Defendants themselves have submitted newly established municipal bail

---

[4] It is also notable that Harris' complaint was dismissed without prejudice.

[5] However, individual City Defendants' violations of state law are relevant in this case in determining their entitlement to state agency immunity from the Plaintiffs Count XII state law claims of false imprisonment. And the Alabama Supreme Court has recently pointed out that given their "factually-intensive requirements" state agency determinations are almost exclusively summary judgement determinations. *Johnson v. Reddoch,* No. 1121481 (Ala. Dec. 18, 2015).

3

policies that their municipal judges changed in response to the Plaintiffs' complaints against the cities.

Additionally, Plaintiffs' position on municipal liability applies regardless of whether, in establishing written policies or customs, Presiding Judge Hayes was performing administrate or judicial functions for purposes of his entitlement to judicial immunity from the individual capacity claims against him. *See Monell v. New York City Dept. of Social Services,* 436 U.S. 658) (Local governments are "persons" to whom U.S.C. [Sec.] 1983 applies and thus are not entitled to an absolute immunity.); *Owen v. City of Independence,* 445 U.S. 622, 657 (1980) ("In sum, our holding that municipalities have no immunity from damages liability flowing from their constitutional violations harmonizes well with developments in the common law and our own pronouncements on official immunities under [Sec.] 1983."). *See also Morrison v. Lipscomb,* 877 F.2d 463, 466 (6th Cir. 1989) (holding that the presiding state district court judge's general order imposing a moratorium on the issuance of writs of restitution, not connected to any particular litigation, was an administrative not judicial function for purposes of official immunities.); *Ratte v. Corrigan,* 98 F.2d 550 (E.D. Mich. 2013) (holding that the presiding judge of a family court's putting in place a policy of allowing judicial pre-signing of blank orders to be filled in by a probation officer was an administrative, not judicial function for purposes of her entitlement to judicial immunity in her individual capacity). (Further discussed in Doc. #57, at 20-21).

Another critical point in this case is that none of the Plaintiffs' constitutional or federal statutory claims against the City of Montgomery are predicated solely on allegations that Defendant Hayes was a final policymaker for the City when performing his challenged actions or omissions as presiding judge, though he was. Here, as in *Walker,* Plaintiffs also allege that the

City is liable for the challenged policies based on its clear authority, control and duties with respect to other municipal policymakers, including, but not limited to, its mayor, city council, police chiefs and jail officials. *See* (Doc. # 57, at 15-19); *see also Walker* (Doc. # 40, at 64-65) ("In any event, Defendant certainly has control over its chief of police, who is custodian of Defendant's arrestees.").

In *Walker,* the Georgia District Court had earlier denied the City of Calhoun's motion to dismiss concluding that, "Defendant cannot seriously contend that Plaintiff's allegations fail to state a constitutional violation." Rather, the Court found that, even where the plaintiff had failed to specify the type equal protection or due process claim he intended to assert, "dismissal is not the appropriate remedy." Order of Dec. 2, 2015 (Doc. # 28, at 17). The same is true for the claims in this case where Plaintiffs do specify the type Fourteenth Amendment and other constitutional or federal statutory claims they allege, as well as provide more than sufficient factual allegations to state plausible claims on each. Accordingly, none of Plaintiffs' claims are due to be dismissed at this stage of the litigation process.

Respectfully submitted,

_____
Faya Rose Toure (ASB-5931-R78R)
Henry Sanders (ASB-6179-A34H)
Chestnut, Sanders & Sanders, LLC
One Union Street
P.O. Box 1290
Selma, Alabama 36702
Telephone: 334-526-4531
Fax: 334-526-4535
E-mail: fayarose@gmail.com
gpompey@csspca.com

5

/S/ Martha I. Morgan

Martha I. Morgan (ASB-3038-A46M)

8800 Lodge Lane

Cottondale, Alabama 35453

Telephone: 205-799-2692

E-mail: mimorgan@yahoo.com

**Attorneys for Plaintiffs**

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of Record, on this 28th day of March, 2016.

/s/ Martha I. Morgan

**Of Counsel**