**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| ANGELA MCCULLOUGH, et al., ) | |
| ) | |
| Plaintiffs, ) | CASE NO: 2:15-CV-463-RCL |
| ) | |
| VS. ) | |
| ) | |
| THE CITY OF MONTGOMERY, et al., ) | |

**NOTICE OF FILING SUPPLEMENTAL SUPPORT FOR CITY OF
MONTGOMERY'S MOTION TO DISMISS**

COMES NOW the City of Montgomery and Defendant Armistead Hayes in his official capacity[1] and submit various exhibits in support of their motions to dismiss (Doc. 47 and Doc. 48). Exhibits 1 through 10 are certified copies of arrest warrants on file at the Municipal Court of Montgomery, Alabama related to the arrests alleged in the Plaintiffs' Amended Complaint (Doc. 32) that could even arguably fall within the statute-of-limitations period. Said documents go as far back as 2012, even though the statute-of-limitations period, even if tolled, could not predate January 2013. Defendants further submit Exhibits 11-15, documents referenced at oral argument in connection with two cases filed in the Middle District of Alabama, *Mitchell v. City of Montgomery*, 2:14cv186-MHT, and *Watts/Cleveland v. City of Montgomery*, 2:13cv732-MHT, 2:13cv733-MHT, which are referenced in briefing in this matter.

These exhibits can be considered without converting the motions to dismiss into a motion for summary judgment because they are "(1) central to the plaintiff's claim, and (2) [their] authenticity is not challenged." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for*

---

[1] Plaintiffs have since oral argument on the Motions to Dismiss dismissed from this lawsuit Mayor Todd Strange, and Police Chief Finley as well as former Police Chief Murphy. In addition, Plaintiffs have dismissed their claims against Judge Armistead Hayes in his individual capacity and pursue their claims as to him in his official capacity only. *See* Doc. 104-1.

*Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010) (internal quotations and citations omitted).  The Plaintiffs cannot argue that the arrest warrants submitted as exhibits are not central to their claim.  Each of the Plaintiffs appears to allege that he or she was arrested for failure to pay fines and costs.  *See, e.g.,* Doc. 32 at Pars. 91 (Jones alleged to have been arrested on a warrant for unpaid traffic tickets) & 106 (Agee alleged to have been arrested on warrant on debt).  Count III alleges on behalf of all ten defendants that the Defendants issued warrants "based solely on nonpayment of monetary debts."  To the extent that the City could arguably be liable based on the allegation that its police officers served warrants for nonpayment of monetary debts, Exhibits 1 through 10 show that the relevant warrants were not issued for nonpayment.  The documents likewise show that the Court did not in fact issue warrants for nonpayment of fines and costs.

The *Mitchell* and *Cleveland/Watts* filings are likewise central as they are relevant to various requests for injunctive relief.

The Plaintiffs also cannot seriously dispute the authenticity of the documents attached hereto.

In addition, this Court can take judicial notice of public records such as the court records at issue here.  *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (noting that when considering a motion to dismiss, a court may take judicial notice of the contents of relevant public records); *Murphy v. McHugh*, No. 5:14-CV-02489-RDP, 2016 WL 4259553, at *10 (N.D. Ala. Aug. 12, 2016).

As the City and Judge Hayes's counsel pointed out at the August 18, 2016, oral argument on the motions to dismiss, the warrants for the Plaintiffs' arrests falling within the statute-of-limitations period produced here were issued for failure to appear in court.  Warrants to compel

appearance where a defendant has failed to appear as ordered have not been contested as unlawful by the Plaintiffs in this case, and their enforceability is central to the agreement in *Mitchell v. City of Montgomery,* Doc. 51-1, Exh. 12 hereto, and the declaratory judgment in *Watts/Cleveland*.

In that case, the Compliance Order language approved by the Plaintiffs' counsel in *Watts/Cleveland* and the Plaintiffs' counsel in *Mitchell, supra*, clearly set out that individuals could be arrested for failure to appear as ordered. *See* Exh. 12 hereto (Doc. 51-1 at page 20).

The point of the attached documents is to avoid further unnecessary litigation against the afore-named Parties for executing or issuing warrants for failure to pay. Resolving this issue will further aid the Court and Parties in streamlining any future litigation and will promote judicial efficiency.

Also attached hereto for ease of reference by the Court are the District Court's relevant orders and relevant filings in the aforementioned *Watts/Cleveland* and *Mitchell* cases. Exh. 11 is Doc. 51 and Exh. 12 (as noted above) is Doc.51-1 from *Mitchell v. City of Montgomery.* These documents reflect the District Court's final judgment granting declaratory and injunctive relief in *Mitchell* and the contents of the agreement reached by the parties and intervenors therein. Exhibit 13 hereto is Doc. 58 and Exh. 14 is Doc. 59 in the *Watts/Cleveland* matter. Document 58 is the Opinion of the District Court granting declaratory relief and opining generally that the Judicial Procedures (the same procedures which became part of the *Mitchell* Agreement (Doc. 51-1)) were constitutional and satisfied the Equal Protection, Due Process and Sixth Amendment concerns raised in the complaint. Document 54 in the *Watts/Cleveland* matter is also attached as Exh. 15, showing the submission of the Judicial Procedures of the Municipal Court (also part of the *Mitchell* Agreement) to the District Court by the Parties to that case.

Submitted on this the 22nd day of July, 2016.

s/ Shannon Holliday
Shannon Holliday [ASB-5440-Y77S]
Robert D. Segall [ASB-7354-E68R]
Joel Caldwell [ASB-4625-Z36E]
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
holliday@copelandfranco.com
segall@copelandfranco.com
caldwell@copelandfranco.com
**Attorneys for Defendants City of Montgomery, and Hayes**

s/Kimberly O. Fehl
Kimberly O. Fehl [ASB-8054-O67K]
Michael D. Brymer [ASB-0169-I35B]
City of Montgomery Legal Department
Post Office Box 1111
Montgomery, AL  36101-1111
kfehl@montgomeryal.gov
mbrymer@montgomeryal.gov
**Attorneys for Defendant City of Montgomery**

s/ E. Ham Wilson
E. Ham Wilson [ASB-0334-W45E]
Miland F. Simpler, III [ASB-1266-B48M]
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, AL  36109-5413
hwilson@ball-ball.com
**Attorneys for Defendant Les Hayes, III**

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 22nd day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Martha I. Morgan
8800 Lodge Lane
Cottondale, Alabama  35453

Faya Rose Toure
Henry Sanders
Chestnut, Sanders & Sanders, LLC
One Union Street
P.O. Box 1290
Selma, AL  36702

Michael L. Jackson
Larry S. Logsdon
Wesley K. Winborn
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, AL  35253

              s/Shannon L. Holliday
              Of Counsel