## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA MCCULLOUGH, ET AL. | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CASE NO: 2:15-CV-463-WKW** |
| | ) | |
| VS. | ) | |
| | ) | |
| THE CITY OF MONTGOMERY, ALABAMA, | ) | |
| ET AL. | ) | |
| | | |
| **Defendants.** | | |

### SUPPLEMENTAL MOTION TO DISMISS COUNT VII OF PLAINTIFFS' AMENDED COMPLAINT AS TO THE CITY OF MONTGOMERY, DEFENDANTS FINLEY, MURPHY, STRANGE AND HAYES AND BRIEF IN SUPPORT THEREOF

COME NOW Defendants the City of Montgomery, Murphy, Strange, Finley and Hayes and file this supplemental motion to dismiss Count VII in its entirety as to each of them. Plaintiffs have questioned Defendants' bases for seeking dismissal of Count VII in prior briefings prompting the filing of this supplemental motion in an abundance of caution to ensure that the record is clear regarding the Defendants' bases for seeking dismissal of Count VII.

As a preliminary matter, as to Defendants Strange, Finley and Murphy, the Plaintiffs have already dismissed them as to all claims pled against them. *See* Doc. 103 (dismissing all claims pled against individual defendants in their individual capacities). As Finley, Strange and Murphy were sued solely in their individual capacities this notice resulted in an automatic and full dismissal as to these defendants under Rule 41(a)(1)(A)(i). This dismissal required no action of the Court and was complete upon filing. Subsequent filings by the Plaintiffs as to these three Defendants, therefore, were ineffective to add them back into the case. Thus, the issue briefed herein is actually moot as to the individual defendants Finley, Murphy and Strange, and the briefing as to them is done merely in an abundance of caution. Count VII was dismissed as to them in its entirety along

with all other claims alleged against them on August 19, 2016 in Document 103 as explained by these Defendants in their contemporaneously filed Motion to Reconsider this Court's Ruling Regarding Plaintiffs' Rule 41(a)(1)(a)(i) Dismissal.

As grounds for this motion, the Defendants show that they are entitled to dismissal of both constitutional and statutory claims raised in Count VII on grounds that the Plaintiffs have failed to state a claim for which relief may be granted; all individual defendants are entitled to qualified immunity as to the statutory claims; and Judge Hayes is entitled to absolute judicial immunity as to both statutory and constitutional claims.

**The City**

In Count VII, Plaintiffs raise both constitutional Thirteenth Amendment (brought pursuant to 42 U.S.C. § 1983) and statutory anti-peonage law claims.  Both the constitutional *and* statutory claims in Count VII are due to be dismissed as to the City for failure to state a claim.  The legal basis for this dismissal is set out in prior briefing on this issue at Doc. 53, pdf pp. 44-47, pp. 35-38; Doc. 69, pdf pp. 41-44, pp. 38-41; Doc. 70 pp. 13-14. In addition, the City shows that the arguments made and referenced herein in Documents 53 and 69 as to the failure to state a statutory or constitutional claim also support dismissal of any claim as to the City.  The City is therefore entitled to dismissal as to Count VII in its entirety. The cited content of the Defendants' earlier briefs are adopted herein as if set forth fully.

**The Individual Defendants**

Further, Defendants Murphy, Finley, Hayes and Strange are entitled to be dismissed in connection with the statutory claims[1] raised in Count VII on qualified immunity grounds based on

---

[1] As noted above, all claims were dismissed against these Defendants and these Defendants ceased to be parties to this lawsuit on August 19, 2016.  However, to the extent that this Court disagrees with that position, it is clear that only the statutory claims remain pending as to them pursuant to Document 120 filed by Plaintiffs on December 21, 2016.

the arguments set out in the prior briefing on this issue (cited and adopted herein) which show that the allegations do not state either a constitutional or statutory violation and further indicate that, to the extent any statutory violation is stated, such statutory violation was not clearly established at the time of the actions taken here. *See* Doc. 53, pp. 44-47[2]; Doc. 69, pp. 41-44[3].  It should be noted that the bases for dismissing the constitutional claims also support dismissal of the statutory claims.

**<u>Hayes</u>**

Judge Hayes is further entitled to be dismissed in connection with both the statutory and constitutional claims raised in Count VII based on his absolute judicial immunity which extends to both claims for damages and injunctive relief.  *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000).  Judge Hayes adopts the reasons and arguments set out in his earlier briefing.  These support dismissal as to both the statutory and constitutional claims.  *See* Doc. 53 at p. 44[4] & Doc. 70 at 13-14.  At most, declaratory relief would be available to the Plaintiffs as to Judge Hayes in his official capacity in connection with this count, assuming that the Plaintiffs have even stated a claim in Count VII (they have not).

Even in connection with any declaratory relief the Plaintiffs may be seeking, Plaintiffs claims are due to be dismissed.  Because the Plaintiffs base their Count VII statutory and constitutional claims on the allegedly wrongful nature of the detention of those who failed to pay fines and costs in the first instance, Plaintiffs have alleged no live case or controversy that would support declaratory relief.  There is no allegation that individuals are currently being jailed for failure to pay fines and costs or that, if they are, such jailing is in violation of any constitutional mandate or other legal right.  In light of the Agreement in place pursuant to the settlement in

---

[2] These page numbers refer to the page of the pdf document. These are numbered pages 35-38.
[3] These page numbers refer to the page of the pdf document.  These are numbered pages 38-41.
[4] This page number refers to the page of the pdf document.  This is numbered page 35.

*Mitchell v. City of Montgomery,* Case No. 2:14-cv-186-MHT, which governs how and when individuals may be jailed for failure to pay fines and costs, *see* Doc. 105-12, pp. 14-17[5], there can be no live case or controversy.   The current procedures have been deemed constitutional, and there is no allegation that any Defendant has violated the relevant procedures.   In short, there is no live case or controversy with respect to Count VII nor has one been alleged.[6]

## Qualified and absolute judicial immunity are defenses to claims pled pursuant to 18 U.S.C. § 1595

In addition, Defendants can show that both qualified immunity and absolute judicial immunity are appropriate defenses to the statutory anti-peonage claims pled in Count VII, including 18 U.S.C. § 1595, as well as the Thirteenth Amendment constitutional claim.[7]  As noted in a previous motion (Doc. 114), the defenses of qualified immunity and absolute judicial immunity have regularly been extended to federal statutory causes of action.[8]

---

[5] These page numbers refer to the page of the pdf document.

[6] *See Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1251 (11th Cir. 2008):

> On the other hand, a case or controversy justifying declaratory relief exists where "the challenged [ ] activity ... is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *See Super Tire Eng'g Co. v. McCorkle,* 416 U.S. 115, 122, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974). Where declaratory relief is sought, "the question ... is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941); *see also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937) (holding that a live controversy "admit[s] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts").

[7] Plaintiffs do not contest the applicability of qualified or absolute immunity defenses to their Thirteenth Amendment claim.

[8] *See Gonzalez v. Lee County Housing,* 161 F.3d 1290, 1300 (11th Cir.1998) ("this court and others have held that public officials are entitled to assert the defense of qualified immunity when sued under a federal statute other than section 1983," noting that other courts have applied the defense to claims arising under eight other separate federal statutes, including RICO and finding qualified immunity an applicable defense

The Eleventh Circuit relying on *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), concluded that qualified immunity was a valid defense to a Fair Housing Act claim because "[n]either the text nor the legislative history of § 3617 indicates that Congress intended to abrogate the qualified immunity to which executive-branch officials were entitled under common law." *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1300 (11th Cir. 1998).

As the Eleventh Circuit explained in *Gonzalez, supra*, regarding the Fair Housing Act, "[t]he fact that § 3617 is silent as to qualified immunity indicates that Congress did not intend to preclude the common-law qualified immunity defense in § 3617 actions." 18 U.S.C. § 1595, which created the private cause of action pled in Count VII, is also silent as to both qualified and judicial immunity defenses.  Thus, the text indicates no intent to abrogate either.

---

in connection with Fair Housing Act claims brought pursuant to 42 U.S.C. Sec. 3617); *Doe v. Attorney General,* 941 F.2d 780, 799 (9th Cir.1991) (finding qualified immunity an applicable defense against Section 504 of the Rehabilitation Act); *Cullinan v. Abramson,* 128 F.3d 301, 312 (6th Cir.1997) (finding qualified immunity barred RICO claims against city officials); *Trugreen Landcare v. City of Dallas*, 512 F.Supp.2d 613, 622 (N.D.Texas 2007), (finding defendant to be entitled to qualified immunity against RICO claims); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 588 (5th Cir.1999) (holding that individual defendants were entitled to qualified immunity from suit alleging RICO claim because rights that served as basis of claim were not clearly established at the time of defendants' alleged acts); *Lussier v. Dugger,* 904 F.2d 661, 663–64, 670 n. 10 (11th Cir.1990) (the Rehabilitation Act of 1973); *see also Cullinan v. Abramson,* 128 F.3d 301, 307–12 (6th Cir.1997) (the Racketeer Influenced and Corrupt Organizations Act), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1560, 140 L.Ed.2d 792 (1998); *Torcasio v. Murray,* 57 F.3d 1340, 1343 (4th Cir.1995) (the Americans with Disabilities Act and the Rehabilitation Act of 1973); *Lue v. Moore,* 43 F.3d 1203, 1205 (8th Cir.1994) (the Rehabilitation Act of 1973); *McGregor v. Louisiana State Univ. Bd. of Supervisors,* 3 F.3d 850, 862 & n. 19 (5th Cir.1993) (the Rehabilitation Act of 1973); *Cronen v. Texas Dep't of Human Servs.,* 977 F.2d 934, 939–40 (5th Cir.1992) (Food Stamp Act of 1977); *Doe v. Attorney General,* 941 F.2d 780, 797–99 (9th Cir.1991) (the Rehabilitation Act of 1973); *Christopher P. by Norma P. v. Marcus,* 915 F.2d 794, 798–801 (2d Cir.1990) (the Education for All Handicapped Children Act of 1975); *P.C. v. McLaughlin,* 913 F.2d 1033, 1040–42 (2d Cir.1990) (the Education for All Handicapped Children Act of 1975 and the Rehabilitation Act of 1973); *Affiliated Capital Corp. v. City of Houston,* 735 F.2d 1555, 1569–70 (5th Cir.1984) (the Sherman Antitrust Act); *National Black Police Ass'n v. Velde,* 712 F.2d 569, 574–80 (D.C.Cir.1983) (Title VI of the Civil Rights Act of 1964 and the Crime Control Act of 1973), *and see, e.g., Van Beek v. AG-Credit Bonus Partners*, 316 Fed. Appx. 554 (9th Cir. 2008) (applying judicial and prosecutorial immunity to RICO claims). Plaintiffs have failed to provide any reason why either qualified immunity or absolute judicial immunity is unavailable as a defense to their federal statutory claims under Count VII in this action.

Nor does anything located in the legislative history of § 1595 indicate that Congress intended to abrogate any common-law immunities. A review of the legislative history of all three public laws involved in the creation or amendment of § 1595 (according to Westlaw these are Pub. L. 108-193, Pub. L. 110-457, & Pub. L. 114-22) reveals no content that would suggest a congressional intent to abrogate existing common-law immunities.

WHEREFORE, based on the foregoing, Defendants move that this Court dismiss Count VII in its entirety as to Defendants the City of Montgomery, Finley, Murphy, Strange and Hayes.

Submitted this the 28th day of December 2016.

s/ Shannon Holliday
Shannon Holliday [ASB-5440-Y77S]
Robert D. Segall [ASB-7354-E68R]
Joel Caldwell [ASB-4625-Z36E]
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
Telephone: 334-834-1180
Email: holliday@copelandfranco.com
Email: segall@copelandfranco.com
Email: caldwell@copelandfranco.com
**ATTORNEYS FOR DEFENDANTS**
**CITY OF MONTGOMERY, MURPHY,**
**STRANGE, FINLEY AND HAYES**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Martha I. Morgan
8800 Lodge Lane
Cottondale, Alabama  35453

Faya Rose Toure
Henry Sanders
Chestnut, Sanders & Sanders, LLC
One Union Street
P.O. Box 1290
Selma, AL  36702

E. Ham Wilson
Miland F. Simpler, III
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, AL  36109-5413

Michael L. Jackson
Larry S. Logsdon
Wesley K. Winborn
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, AL  35253

Kimberly O. Fehl
Michael D. Brymer
City of Montgomery Legal Department
Post Office Box 1111
Montgomery, AL  36101-1111

s/Shannon L. Holliday
Of Counsel