THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANGELA MCCULLOUGH, et al., ) | |
| ) | |
| Plaintiffs, ) | CASE NO: 2:15-CV-463-RCL-WC |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| THE CITY OF MONTGOMERY, ALABAMA, ) | |
| et al., ) | |
| Defendants. | |

**McCULLOUGH PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL FOR PUTATIVE CLASSES PURSUANT TO FED. R. CIV. P. 23(g)(2)(A)**

COME NOW PLAINTIFFS and file this Motion to Appoint as Interim Counsel for putative class members, pursuant to Fed. R. Civ. P. 23(g)(2)(A), the attorneys for the ten named Plaintiffs in this case, Martha I. Morgan, Faya Rose Toure, and Henry Sanders.

On March 10, 2017, this Court ruled on pending motions to dismiss in this case (ECF No. 131) and the case of Carter v. City of Montgomery, et al., Case No. 2:15-cv-555-RCL (ECF No. 97) and directed parties in both cases to show cause, if any, why the Carter case should not be consolidated with this case. Plaintiffs in this case do not plan to object to consolidation of these two cases but do respectfully request that the Court consider and grant this motion for appointment as interim class counsel for the reasons set out below.

Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to

certify the action as a class action."[1] The commentary to Rule 23 explains that the rule

"authorizes [a] court to designate interim counsel during the pre-certification period if necessary

---

[1] Rule 23 (g) provides:
    (g) **Class Counsel**.
    (1) *Appointing Class Counsel.* Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:
    (A) must consider:

    (i) the work counsel has done in identifying or investigating potential claims in the action;

    (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii) counsel's knowledge of the applicable law; and

    (iv) the resources that counsel will commit to representing the class;

    (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

    (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

    (D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

    (E) may make further orders in connection with the appointment.

    (2) *Standard for Appointing Class Counsel.* When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.

    (3) *Interim Counsel.* The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

    (4) *Duty of Class Counsel.* Class counsel must fairly and adequately represent the interests of the class.

to protect the interests of the putative class." Fed.R.Civ.P. 23 advisory committee's note.  See *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 554 (S.D.Ohio 2005) (order appointing lead counsel in which the court considered the needs of a certified class although, at the time of the order, the class was only a putative one). See also  *Smith v. Aon Corp.*, No. 04 C 6875, 2006 WL 1006052, at *2 (N.D.Ill. Apr. 12, 2006); *Turner v. Murphy Oil USA, Inc.*, Civ.A. No. 05-4206, 2006 WL 267333, at *1, * 12 (E.D.La. Jan. 30, 2006); *Hill v. The Tribune Co.*, No. 05 C 2602, 05 C 2640, 05 C 2684, 05 C 2927, 05 C 3374, 05 C 3377, 05 C 3390, 05 C 3928, 2005 WL 3299144, at * *3-5 (N.D.Ill. Oct. 13, 2005); *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 497-99 (E.D.Mich.2005).

    Undersigned counsel for the McCullough Plaintiffs meet all Rule 23(g)'s requirements for class counsel. They have adequately investigated the potential claims in this action and are knowledgeable about the applicable law. They have many years of practice and academic experience involving major class actions and civil rights cases and are prepared to adequately prosecute this action on behalf of both named Plaintiffs and the members of the classes they seek to represent. Their financial resources are not unlimited but they have sufficient resources to adequately represent the purported classes.

    Plaintiffs not only filed this case prior to the *Carter* case, they demonstrated their commitment to "diligently pursue" the class claims by filing a motion for class certification on November 24, 2015,[2] which was dismissed without prejudice to refiling in the Court's stay order of May 2, 2016 (ECF No. 95).

---

[2] In their motion for class certification, Plaintiffs explained:

While claims in Carter may be similar to some of those in this case the extent of the injuries differ significantly, *Carter* has only one named plaintiff who was jailed for three days. There are ten named Plaintiffs in this case, one of whom was jailed for approximately nine months and others who were jailed for very lengthy periods.

Moreover, the sizes of the purported classes in these two cases differ substantially. All the remaining claims in *Carter* appear to be Section 1983 claims which are generally subject to a 2 year statue of limitations in Alabama and even with any applicable tolling classes for these claims will cover a much shorter period of time than claims in our case. McCullough Plaintiffs' remaining claims include not only Section 1983 claims but also claims with much longer statutes of limitations, i.e., 4 years (Count 13 abuse of process and Count 14 money had and received), 6 years (Count 12 false imprisonment) and 10 years (Count 7 anti-peonage law).

Further, counsel in Carter are currently counsel in class action debtpr's prison suits against several other Alabama cities and a purported statewide class action lawsuit against JCS, which not only may prevent their undivided attention to the pre-certification class issues in this case, but possibly could present conflicts of interest with respect to issues in this case.

---

In filing their motion for class action certification at this stage, Plaintiffs seek to "diligently to pursue the class claims" to ensure against any potential Rule 68 mootness issues. See *Stein v. Buccaneers Ltd. P'ship*, No. 133-1417, WL 674819 (11th Cir. 2014); *Barr v.Int'l Dental Supplies Co*, 586 F. App. 580 (11th Cir. 2014) *(per curiam)*; *Barr v. Harvard Drug Group, LLC,* No.14-13138 (11th Cir. January 29, 2015); *Walker v. Financial Recovery Services, Inc*., No. 14-13769 (11th Cir. March 27, 2015 (*per curiam*); ECF No. 64 at 2 n 1.

WHEREFORE, Plaintiffs respectfully request that the Court GRANT this Motion to Appoint as Interim Counsel for putative class members, pursuant to Fed. R. Civ. P. 23(g)(2)(A), the attorneys for the Plaintiffs in this case, Martha I. Morgan, Faya Rose Toure, and Henry Sanders.

Respectfully submitted,

s/Martha I. Morgan

Martha I. Morgan (ASB-3038-A46M)

8800 Lodge Lane
Cottondale, Alabama 35453
Telephone: 205-799-2692
E-mail: mimorgan@yahoo.com

Faya Rose Toure (ASB-5931-R787)
Henry Sanders (ASB-6179-A34H)

CHESTNUT, SANDERS &
 SANDERS, LLC
One Union Street
P.O. Box 1290
Selma, Alabama 36702
Telephone: 334-526-4531
Fax: 334-526-4535
E-mail: fayarose@gmail.com
            gpompey@csspca.com

Of Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing on all Defendants or their counsel on this 12th day of March, 2017.

s/ Martha I. Morgan
Of Counsel