IN THE UNITED STATED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ANGELA MCCULLOUGH et al., on behalf of themselves, individually, and on behalf of a class of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF MONTGOMERY, ALABAMA; EARNEST N. FINLEY, JR., Chief of Police of the City of Montgomery, in his individual capacity; KEVIN MURPHY, former Chief of Police of the City of Montgomery, in his individual capacity; LES HAYES III, Presiding Judge of the Municipal Court of the City of Montgomery, in his individual and official capacities; JUDICIAL CORRECTION SERVICES, INC., a corporation; and TODD STRANGE, Mayor of the City of Montgomery, in his individual capacity,<br><br>    Defendants. | Case No. 2:15-CV-463-RCL-WC |

**Defendant Judicial Corrections Services' Response to the Court's Order to Show Cause Relating to the Consolidation of the *McCullough* and *Carter* Cases (Doc. 133)**

Defendant Judicial Correction Services ("JCS") responds to the Court's show-cause orders (Doc. 133 in *McCullough*, Doc. 99 in *Carter*) by stating that JCS does not oppose the consolidation of the *Carter* and *McCullough*

actions and by requesting that the Court consider taking further action regarding the overlapping nature of certain related putative class actions:

1. JCS agrees that *Carter* and *McCullough* are appropriate for consolidated treatment due to the overlapping nature of the putative classes.

2. The nature of the overlapping classes in both *Carter* and *McCullough*—which is the basis of the Court's show-cause order—does not, however, stop with these two cases. For that reason, JCS requests that the Court enter an Order providing for further consolidation or transfer of the case to the Northern District of Alabama, for the reasons set forth below.

3. The *Carter* and *McCullough* putative classes are themselves a substantial portion of a substantially larger (and longer-pending) putative class, for which certification is being sought in the Northern District of Alabama in *Ray v. Judicial Corrections Services, Inc.*, Case No. 2:12-cv-02819-RDP (N.D. Ala.). The putative class in *Ray* covers all JCS probationers in Alabama going back to the fall of 2010, and thus encompasses all of the *Carter* putative class, as well as the portion of the putative class in *McCullough* which is asserting claims against JCS. See Fourth Amended and Restated Complaint (Doc. 305) in *Ray*, at ¶¶ 9 & 79 (defining class to include all Alabama probationers who were ordered to probation under JCS and all

Alabama JCS probationers who were allegedly jailed).[1] Plaintiff's counsel in *Carter* is putative class counsel in *Ray*, and the Fourth Amended and Restated Complaint in *Ray* is substantially similar to the First Amended and Restated Complaint in *Carter* (Doc. 18).

4. Additionally, there is a case pending in the Middle District of Alabama—*Thurman v. Judicial Corrections Services*, No. 2:12-cv-00724 (M.D. Ala.)—whose putative class has significant enough overlap with the *Ray* case that it is has been reassigned to The Honorable R. David Proctor, who is presiding over the *Ray* case in the Northern District of Alabama (and is sitting in *Thurman* by designation in the Middle District). The plaintiffs in *Thurman* seek a putative state-wide class of JCS probationers (*Thurman*, Second Amended Class Action Complaint (Doc. 53)).

5. In circumstances involving multiple competing and overlapping putative classes, some Eleventh Circuit courts have applied the first-filed doctrine, recognized in the Eleventh Circuit, and concluded that the first-filed case (in this case, that would be *Ray* and perhaps also *Thurman*) take precedence over competing putative classes which involve transactionally related claims. *See, e.g.*, *Klaas v. Allstate Ins. Co.*, No. 2:15-cv-163-FtM-29DNF (M.D. Fla. June 1, 2015) (Doc. 20) (available on PACER or the Court's

---

[1] The Fourth Amended and Restated Complaint in *Ray* can be accessed at Doc. 305 on PACER or the Court's CM/ECF system at https://ecf.alnd.uscourts.gov/doc1/01914076738.

CM/ECF system at https://ecf.flmd.uscourts.gov/doc1/047114765618) (transferring a putative class action from the Middle District of Florida to the Middle District of Alabama based on the first-filed status of a substantially larger and overlapping class case in the transferee court) (relying on *Collegiate Licensing Co. v. Am. Cas. Co. of Reading*, 713 F.3d 71, 78 (11th Cir. 2013), and cited in *Turner v. Allstate Ins. Co.*, No. 2:13-CV-685-WKW, 2016 WL 5445068, at *2 (M.D. Ala. Sept. 27, 2016)); *see also Discover Prop. & Cas. Ins. Co. v. AIM Leasing Co.*, No. 1:14-CV-03039-WSD, 2015 WL 4599199, at *5 (N.D. Ga. July 31, 2015) (deciding to transfer an overlapping case to a different district because "transfer is the more efficient process and the one that gives effect to the principles upon which the first-filed rule is founded").

6. JCS believes that further consolidation of these various and overlapping classes needs to take place. That could be accomplished in at least two different ways, among them: (1) this Court could transfer the consolidated *Carter* and *McCullough* cases to the Northern District of Alabama for consolidation with *Ray*, under the first-filed doctrine; or (2) this Court could consolidate both *Carter* and *McCullough* with the *Thurman* case, still pending in the Middle District of Alabama but assigned to Judge Proctor (who also has the *Ray* case), in order to ensure the proper monitoring of multi-overlapping putative class phenomena in these cases. Either of those procedural mechanisms would ensure that JCS is not forced to defend

4

multiple overlapping cases in multiple forums among multiple competing class counsel.

7. That last point—the potential for multiple competing class counsel—has been underscored by the most recent filing by the plaintiffs' counsel in *McCullough*. After this Court's show-cause order in *McCullough* (Doc. 133), putative class counsel in *McCullough* filed a Motion for Appointment as Interim Class Counsel (Doc. 135). In that Motion for Appointment, *McCullough* putative class counsel is arguing (at p. 4) that the *McCullough* counsel are in a superior position to represent the overlapping class than the *Carter* putative class counsel because, among other reasons, "counsel in *Carter* are currently counsel in class action debtor's prison suits against several other Alabama cities and a purported statewide class action lawsuit against JCS, which not only may prevent their undivided attention to the pre-certification class issues in this case, but possibly could present conflicts of interest with respect to issues in this case." This kind of competition among counsel vying for lead class counsel appointment begs for there to be one district court—whichever one it is—presiding over all of these overlapping cases.

8. Based on the foregoing, JCS agrees that *Carter* and *McCullough* should be consolidated. Further, JCS requests that the Court enter an Order providing further consolidation or transfer, or otherwise enter an Order

5

addressing the problems addressed in this response regarding the multiple overlapping classes involved in these various cases.

Respectfully submitted on March 24, 2017.

    *s/ Michael L. Jackson*
Larry S. Logsdon
Michael L. Jackson
Wesley K. Winborn
llogsdon@wallacejordan.com
mjackson@wallacejordan.com
wwinborn@wallacejordan.com

Of Counsel:
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, Alabama 35253
(205) 870-0555

Wilson F. Green
wgreen@fleenorgreen.com

Of Counsel:
Fleenor & Green LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, Alabama 35406
(205) 722-1018

Attorneys for Defendant Judicial Corrections Services

## Certificate of Service

I certify that on March 24, 2017, I served a copy of the foregoing on all counsel by the Court's CM/ECF electronic-filing system as follows:

Henry Sanders, Esq.
Faya Rose Toure, Esq.
Chestnut, Sanders & Sanders LLC
PO Box 1290
Selma, AL  36702
gpompey@csspca.com
fayarose@gmail.com

Martha Irene Morgan, Esq.
Attorney at Law
8800 Lodge Lane
Cottondale, AL  35453
mimorgan@yahoo.com

Edward Hamilton Wilson Jr., Esq.
Miland Fredrick Simpler III, Esq.
Ball Ball Matthews & Novak PA
PO Box 2148
Montgomery, AL  36102-2148
hwilson@ball-ball.com
msimpler@ball-ball.com

Kimberly Owen Fehl, Esq.
Michael D. Brymer, Esq.
Montgomery City Attorney's Office
PO Box 1111
Montgomery, AL  36101-0111
kfehl@montgomeryal.gov
mbrymer@montgomeryal.gov

Robert D. Segall, Esq.
Shannon Lynn Holliday, Esq.
Joel Thomas Caldwell, Esq.
Copeland Franco Screws & Gill
PO Box 347
Montgomery, AL  36101-0347
segall@copelandfranco.com
holliday@copelandfranco.com
caldwell@copelandfranco.com

 s/ *Michael L. Jackson*
Michael L. Jackson
mjackson@wallacejordan.com