**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| ANGELA MCCULLOUGH, ET AL. ) | |
| ) | |
| Plaintiffs, ) | CASE NO: 2:15-CV-463-WKW |
| ) | |
| VS. ) | |
| ) | |
| THE CITY OF MONTGOMERY, ALABAMA, ) | |
| ET AL. ) | |
| Defendants. | |

**JOINT RESPONSE TO ORDER TO SHOW CAUSE OF CITY OF
MONTGOMERY, STRANGE, FINLEY, MURPHY AND HAYES**

COME NOW Defendants the City of Montgomery, Strange, Finley, Murphy, and Hayes and respond to this Court's Order to Show Cause (Doc. 133). Defendants do not oppose consolidation with *Carter v. City of Montgomery*, 2:15-cv-555 (RCL), for purposes of discovery, but the Defendants do oppose consolidation for the class certification hearing and trial in this matter.[1] Although Fed R. Civ. P. 42 permits consolidation of cases that involve common questions of law or fact, at this point, it is difficult to ascertain whether common claims sufficient to justify consolidation will exist between *Carter* and *McCullough* after the Court rules on summary judgment motions. Defendants request, therefore, that the Court consider further consolidation with *Carter v. City of Montgomery, supra*, only after ruling on Defendants' motion for summary judgment, and this Court may order consolidation for such limited purposes. *Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29, 32 (N.D. Ill. 1980) ("Rule 42(a), however, also contemplates consolidation for purposes of particular segments of the litigation, such as pretrial proceedings."); *see also Firemen's Ins. Co of Newark, N.J. v. Keating*, 753 F.Supp. 1137 (S.D.N.Y.

---

[1] "Although such common issues are a prerequisite to consolidation, the mere existence of these issues does not require a joint trial as a matter of course." *Kelly v. Kelly*, 911 F.Supp. 66, 69 (N.D.N.Y. 1996).

1990) (allowing consolidation for pretrial purposes only).  Similarly, in *Yaffa v. Sunsouth Bank*, 2013 WL 11522043, *1-2 (N.D. Fla. 2013), the court granted consolidation only for purposes of discovery, but reserved the issue of consolidation for trial until after discovery had been completed when there existed parallel cases "involving the same bank, the same loan documents and substantially same allegations of fraud and breach of fiduciary duty."  Defendants would likewise request that this Court allow consolidation for a limited purpose and reserve the right to evaluate consolidation at a later point in the proceedings.

*Carter, supra*, Amend. Comp. (Doc. 18), asserts claims for denial of due process and equal protection as well as violations of the Fourth Amendment, Sixth Amendment and Eighth Amendment that may appear similar to claims alleged in this matter.  However, there are distinct claims asserted in *McCullough*: due process and equal protection violations for use of a fixed bail system and for use of appeal bonds; threat of probation revocation solely to collect fines; violation of the Thirteenth Amendment and Federal Anti-Peonage Laws; and false imprisonment/arrest that conceivably could differ remarkably from the claims in *Carter*.  If there is a possibility of claims or legal theories causing jury confusion, cases should not be consolidated.  *See Walker v. H. Councill Trenholm State Technical College*, 2007 WL 1140423, *2-3 (M.D. Ala. 2007) (ruling against consolidation with *Eileen D. Olive v. H. Councill Trenholm State Technical College, et al.,* Civil Action No. 2:06-cv-48-MEF (M.D. Ala. 2006), although both lawsuits had common facts, overlapping time frames and were brought pursuant to federal employment discrimination statutes the discriminatory animus alleged by each plaintiff was different).  It is realistic that the unique counts asserted in this matter could potentially confuse jurors if the cases are consolidated for trial.  Similarly, consolidation in a class certification hearing, while not a jury proceeding, could result in confusion due to the different natures of the claims.

In addition, the parties in *Carter* and this matter are different. In *Carter*, the plaintiff sues the City of Montgomery, different corporate entities and one of the attorneys appointed by the municipal court to defend indigent individuals. In comparison, Plaintiffs in *McCullough* allege claims against the City of Montgomery, the mayor of Montgomery, the chief of police of Montgomery and the former chief of police of the City of Montgomery as well as the presiding judge of the Municipal Court which could entail different defenses as well as impediments to recovery that may not be present in *Carter*. Defendants acknowledge that some parties in both lawsuits are similar, but the different parties may potentially confuse jurors and may impact jurors' ability to decipher evidence concerning each Defendant.

Finally, the theory of liability in *Carter* and *McCullough*, at least as stated in their respective Complaints, is different. *Carter* acknowledges that the municipality, as a legal matter, has no authority to dictate judicial actions or procedures, but contends that the JCS contract is an unlawful exercise of authority in an attempt to dictate judicial behavior. *McCullough*, on the other hand, contends, it would appear, that there is some agreement between the Mayor, current and former police chiefs and the presiding judge relative to the wrongs alleged in the Complaint. These differing theories will, almost necessarily confuse a jury if presented together. As for class certification, the theories are also apparently different, with *Carter* being focused on the allegedly streamlined nature of the JCS procedures and *McCullough* being focused on the allegedly "administrative" actions of the municipal court officers. Challenging these differing theories will likely be difficult to address effectively in a single hearing.

In short, Defendants would request that this Court grant consolidation only with respect to discovery at the present time and reconsider consolidation of the trial and class certification rulings after its rulings on Defendants' motions for summary judgment.

Submitted this the 24th day of March, 2017.

                s/ Shannon L. Holliday
                Shannon Holliday [ASB-5440-Y77S]
                Robert D. Segall [ASB-7354-E68R]
                Joel Caldwell [ASB-4625-Z36E]
                COPELAND, FRANCO, SCREWS & GILL, P.A.
                P.O. Box 347
                Montgomery, AL 36101-0347
                Telephone:  334-834-1180
                Email: holliday@copelandfranco.com
                Email: segall@copelandfranco.com
                Email: caldwell@copelandfranco.com

                Kimberly O. Fehl
                Michael D. Brymer
                City of Montgomery Legal Department
                Post Office Box 1111
                Montgomery, AL  36101-1111
                Telephone:  334-625-2050
                Email:  kfehl@montgomeryal.gov
                Email:  mbrymer@montgomeryal.gov

                **ATTORNEYS FOR DEFENDANT**
                **CITY OF MONTGOMERY, STRANGE,**
                **FINLEY, MURPHY, AND HAYES**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of March, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Martha I. Morgan
8800 Lodge Lane
Cottondale, Alabama  35453

Faya Rose Toure
Henry Sanders
Chestnut, Sanders & Sanders, LLC
One Union Street
P.O. Box 1290
Selma, AL  36702

E. Ham Wilson
Miland F. Simpler, III
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, AL  36109-5413

Michael L. Jackson
Larry S. Logsdon
Wesley K. Winborn
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, AL  35253

                                          s/Shannon L. Holliday
                                          Of Counsel