THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA MCCULLOUGH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO: 2:15-CV-463-RCL |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF MONTGOMERY, ALABAMA, | ) | |
| et al., | ) | |
| Defendants. | | |

### McCULLOUGH PLAINTIFFS' JOINT REPLY TO OTHER PARTIES' RESPONSES TO THE COURT'S ORDER TO SHOW CAUSE RELATING TO THE CONSOLIDATION OF THE *McCULLOUGH* AND *CARTER* CASES

COME NOW PLAINTIFFS and file this joint reply to the responses of the City of Montgomery, Strange, Finley, Murphy, and Hayes (ECF No. 140 in *McCullough*); JCS (ECF No. 137 in *McCullough*); the *Carter* Plaintiff (ECF No. 102 in *Carter*; and Kloess (ECF No. 103 in *Carter)* to the Court's show-cause order (ECF No. 133 in *McCullough*; ECF No. 99 in *Carter*) relating to consolidation of this case and *Carter v. City of Montgomery*, 2:15-cv-555-RCL.

**McCullough Plaintiffs' Position:** As stated in their response to the show-cause order (ECF No. 141), *McCullough* Plaintiffs do not oppose consolidation of these two cases for purposes of discovery but believe any decisions on consolidation for other purposes should await further developments in these related, but in may respects distinct, cases. Waiting to assess consolidation for purposes other than discovery would be an appropriate exercise of the broad discretion afforded the Court under Fed.R.Civ.P. 42, which provides as follows:

>Rule 42. Consolidation; Separate Trials
>
>(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
>>(1) join for hearing or trial any or all matters at issue in the actions;
>>
>>(2) consolidate the actions; or
>>
>>(3) issue any other orders to avoid unnecessary cost or delay.
>
>(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Under Rule 42(a), the Court retains complete discretion and may consolidate all or part of any action. *See Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir. 1995) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2383, at 439-40 (1994)(discussing that even when consolidation under Rule 42(a) may be warranted because of a common issue of law or fact, it is not required)).

## I.     Reply to the Joint Response of Defendants the City of Montgomery, Strange, Finley, Murphy, and Hayes (ECF No. 140 in *McCullough*)

The City, Strange, Finley, Murphy, and Hayes do not oppose consolidation of these two cases for the purpose of discovery but do oppose consolidation for a class certification hearing or trial. Accordingly, they request that the Court grant consolidation only with respect to discovery at the present time. Defendants describe numerous differences between the parties, claims, and theories of relief in the two cases and point to the likelihood of confusion in a single class certification hearing and the danger of jury confusion if the cases are tried together. Plaintiffs do not disagree about the potential for such confusion. They believe that any determinations about consolidation for purposes other than discovery can be evaluated better later in these proceedings.

II.     **Reply to the Response of Defendant JCS (ECF No. 137 in *McCullough*)**

Defendant JCS does not oppose consolidation of the two cases and further asks the Court to "consider taking further action regarding the overlapping nature of certain related putative class actions." ECF No. 137 at 2. As stated above, Plaintiffs believe it is premature to order consolidation with *Carter* for any purposes other than discovery. Moreover, Plaintiffs strongly oppose all JCS's suggestions of "further actions" related to *Ray v. JCS*, No. 2:12-cv-2819-RDP, Northern District of Alabama, and *Thurman v. JCS,* No. 2:12-cv-724-RDP, Middle District of Alabama. Indeed, the suggestions appear to be nothing more than classic attempts at forum shopping. It is telling that in the nearly two years this case has been pending, JCS never made any of these suggestions until after this Court's recent denial of its motion to dismiss with respect to most of Plaintiffs' claims against it, and after Judge Proctor, to whom the *Thurman*[1] case has been reassigned, recently granted the City of Childerburg's motion for summary judgement in *Ray*.

Plaintiffs note than no classes, statewide or otherwise, have yet been certified in either of the above-mentioned cases JCS references. Eventual statewide certification of classes against JCS remains a possibility, but is far from a certainty, in either of these 2012 cases.

Further, while *Carter's* claims pertain only to the City's joint activity under the JCS system, *McCullough* Plaintiffs' claims extend to the City and other Defendants' practices with

---

[1] The claims in *Thurman* relate to JCS probationers whose probation orders were not signed by a judge. At this point, the only Defendants in either of these cases are JCS and its related corporate entities.

3

respect to both persons who were placed with JCS on one or more occasions[2] and those who never were. There is no basis to deprive Plaintiffs of their choice of forum for this Montgomery-centered case by any transfer or consolidation of the type JCS suggests, especially considering the predominance of *McCullough* Plaintiffs' non-JCS claims.[3]

### III. Reply to the Response of the *Carter* Plaintiff (ECF No. 102 in *Carter*)

Plaintiff Aldaress Carter does not oppose consolidation for "common discovery between the two cases which will pertain to the City of Montgomery, its personnel, and its documents." ECF No. 102 at 4 in *Carter*. However, describing their view of the minimum overlap between the two cases and detailing the extensive statewide discovery they have already conducted in *Ray v. JCS*, No. 2:12-cv-2819, Northern District of Alabama, Carter's counsel do oppose entirely consolidating the cases, or even consolidating them for all discovery.

Plaintiff Carter admits the broader nature of many of the *McCullough* Plaintiffs' claims. (E.g.,"While there may be jailing unrelated to JCS in *McCullough*, the *Carter* case pertains only

---

[2] The purported statewide classes in *Ray* and *Thurman* do not cover all of the *MCCullough* claims against JCS. Unlike *Carter* which currently contains only Section 1983 claims (with a general two-year statue of limitations in Alabama--though subject to tolling and continuing violations doctrines in this case), *McCullough* Plaintiffs also have state law claims related to fees and false imprisonment against JCS that have four and six-year statutes of limitations and allow recovery of punitive damages. In particular, their Count XII claims for false imprisonment (for both detentions on warrants and jailing) extend back to July 1, 2009, more than a year earlier than any claims in either *Ray* or *Thurman*.

[3] The possibility of a statewide class settlement in *Ray* has been under consideration for quite some time and any such settlement might be structured to include *McCullough* Plaintiffs' claims against JCS. But the chance that Plaintiffs' claims against JCS could be settled, whether as part of a *Ray* settlement or otherwise, provides no reason to transfer or consolidate this much broader case involving not just JCS but the City of Montgomery and other Defendants.

to the City's joint activity under the JCS system." ECF No. 102 at 3 in *Carter*). But Carter's attempt to minimize the claims that the *McCullough* Plaintiffs do have against JCS fails, in part due to counsel's apparent misreading of their own attached exhibits of JCS files for seven of the named *McCullough* Plaintiffs.[4] Plaintiffs feel compelled to respond briefly to this attempted minimization of their claims against JCS.

According to counsel for Carter, "it appears that the named plaintiffs in *McCullough* will be unable to make any claims against JCS for claims related to jail time and only limited claims for fees," and "the potential for the *McCullough* stated class to be represented by any of the named plaintiffs seems to be very small." ECF No. 102 at 4 in *Carter*. Counsel purport to have undertaken an overlap analysis based on their investigation of the individual named plaintiffs in *McCullough* using their read-only access to JCS records. But the attached exhibits do not seem to support the conclusions *Carter* counsel draw.

For example, according to counsel for Mr. Carter (the only named plaintiff in his case), these records indicate that, "only one of the *McCullough* Plaintiffs (Caldwell) has been placed on "warrant" status after having been placed on JCS, so he is the only *McCullough* plaintiff that (sic) could potentially pursue any possible Fourth Amendment or false imprisonment claims that would relate to JCS." ECF No. 102 at 3 in *Carter*. To the contrary, as counsel for *McCullough* Plaintiffs read the exhibits, every one of the seven attached case records contains entries showing that the named Plaintiff had been placed on warrant status. The "Status" listing for each case includes a date indicating when the case was placed on warrant status and the detailed visit notes

---

[4] The attached exhibits contain a wealth of other information supporting *McCullough* Plaintiffs' claims against JCS, the City, and other Defendants, including detailed case notes explicitly confirming many of Plaintiffs' factual allegations in their Amended Complaint.

confirm that the individuals were placed on warrant status related to their JCS probations. *Carter* counsel's overlap analysis on jailing and fees also disregards the applicability of tolling or continuous violations doctrines in computing the statutes of limitations for Plaintiffs' section 1983 claim, and ignores the much longer statutes of limitations and punitive damage claims applicable to *McCullough* Plaintiffs' state law claims against JCS. Indeed, Mr. Carter himself might have trouble representing his stated class under his counsel's approach to calculating the statutes of limitations for *McCullough* plaintiffs, i.e., based on the last date they paid fees to JCS. And *Carter* counsel concede that in our case Mr. Caldwell meets the Section 1983 statute of limitations for fees, warrants, and detentions.

**IV.     Reply to Response of *Carter* Defendant Kloess (ECF No. 103 in *Carter*)**

Defendant Kloess opposes any consolidation of these two cases because he is not a named party in *McCullough.* He also makes arguments closely tracking those of the City, Strange, Finley, Murphy, and Strange about other differences between the two cases.

Although Kloess is not a named defendant in *McCullough*, consolidation of these two cases for purposes of discovery concerning his acts and omissions may be appropriate. In Count VI of the amended complaint, *McCullough* Plaintiffs allege Sixth and Fourteenth Amendment violations related to denial of adequate access to counsel. Their allegations are based in part on the inadequacy of representation provided by the Public Defender. See Plaintiffs' Amended Complaint, ECF No. 32, para. 216 at 6: (" The one Public Defender that was on duty at any time was often speaking briefly with defendants awaiting hearings in the nearby jail and not even present in the courtroom during hearings.").

**Conclusion:** In short, Plaintiffs request that at present the Court grant consolidation only with respect to discovery. Additionally, given the history of Defendants' attempts to delay discovery in these cases, Plaintiffs further request that the Court direct all parties to confer and to file forthwith a Rule 26(f) report containing a discovery plan

        Respectfully submitted,

        s/Martha I. Morgan
        Martha I. Morgan (ASB-3038-A46M)
        8800 Lodge Lane
        Cottondale, Alabama 35453
        Telephone: 205-799-2692
        E-mail: mimorgan@yahoo.com

        Faya Rose Toure (ASB-5931-R787)
        Henry Sanders (ASB-6179-A34H)

        CHESTNUT, SANDERS &
         SANDERS, LLC
        One Union Street
        P.O. Box 1290
        Selma, Alabama 36702
        Telephone: 334-526-4531
        Fax: 334-526-4535
        E-mail: fayarose@gmail.com
                gpompey@csspca.com

        Of Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing on all Defendants or their counsel on this 31st day of March, 2017.

        s/ Martha I. Morgan
        Of Counsel