**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **ANGELA MCCULLOUGH, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CASE NO: 2:15-CV-463-WKW** |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **THE CITY OF MONTGOMERY, ALABAMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | | |

**<u>MOTION TO STAY CASE</u>**

COME NOW Defendants City of Montgomery, Todd Strange, Ernest Finley, Kevin Murphy, and Les Hayes, and file this motion to stay all proceedings, or in the alternative to stay discovery, pending resolution of the appeals filed in this matter on behalf of the movants. *See The City of Montgomery, Alabama, et al. v. Angela McCullough, et al.*, Case No. 17-11554 (11th Cir.) and *Les Hayes, III v. Angela McCullough, et al.*, Case No. 17-1555 (11th Cir.). As grounds for this Motion the movants show the following.

**A. INFORMAL EFFORTS TO RESOLVE THIS IN CONNECTION WITH SCHEDULING HAVE FAILED.**

The Defendants have raised the issue of a voluntary stay of discovery pending appeal in their Rule 26(f) conference with the Plaintiffs' counsel, but Plaintiffs' counsel have not agreed to the same. Having failed to resolve this issue informally, Defendants have filed the instant motion.

**B. ELEVENTH CIRCUIT PRECEDENT MANDATES A STAY OF ALL PROCEEDINGS PENDING RESOLUTION OF THE PENDING APPEAL.**

"The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but [also] from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th

Cir. 2004) (*citing Mitchell v. Forsyth*, 472 U.S.511, 526 (1985)). Likewise, the defenses of absolute judicial and state agent and discretionary function immunity provide the same protection. *See, e.g., Redford v. Gwinnett Cty. Judicial Circuit*, 350 F.App'x 341, 348 (11th Cir. 2009) (applying same reasoning to judicial immunity matter); *see also Sheth v. Webster*, 145 F.3d 1231, 1237 (11th Cir. 1998) (discretionary function immunity is immunity from suit).

"A district court, therefore, properly stays discovery pending appeal of a denial of immunity." *Blinco*, *supra* at 1252. Of course, not only discovery but all proceedings are due to be stayed under this reasoning because these immunities are intended to protect government officials from having to bear the burdens attendant to litigation. *See Blinco, id* (immunity protects defendant from burden of litigation).

Only if the district or circuit court declares that the appeal is frivolous may the district court "'carry on with the case. Otherwise preparation for trial must be suspended until the court of appeals renders a decision.'" *Blinco, id.* (*quoting Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.,* 128 F.3d 504, 506 (7th Civ. 1997)). The appeals of the Court's immunity rulings in this case are not frivolous.

### C. ELEVENTH CIRCUIT PRECEDENT REQUIRES A GENERAL STAY OF PROCEEDINGS EVEN WHERE SOME DEFENDANTS DO NOT APPEAL ON IMMUNITY GROUNDS.

Even where, as here, some parties have not appealed on immunity grounds, a stay as to those parties is favored where the nature of the claims is significantly intertwined. *See, e.g., K.M. v. Ala. Dept. of Youth Services*, 209 F.R.D. 493, 495 (M.D. Ala. 2009), *aff'd* 73 F.App'x 386 (11th Cir. 2003). JCS is the only Defendant in this case that has not appealed, and the City has not appealed strictly speaking, on immunity grounds.

As in the instant case, *K.M.* involved a motion to stay pending an appeal by some, but not all, parties on immunity grounds. *Id.* at 494-495. Thus, its reasoning and language are applicable here. "[S]ome sort of stay is required as to even [the] two defendants [who did not appeal], because the court refuses to order those claims to proceed to trial because of the danger of wasting judicial resources through piecemeal litigation, which far outweighs any advantage for any of the parties." *K.M.* at 495.

As the Supreme Court reasoned in *Ashcroft v. Iqbal,* 556 U.S. 667, 685-86 (2009) – a case involving, among other things, a request for a stay of pretrial proceedings pending appeal – staying discovery as to one party but not as to others is merely illusory protection for the parties appealing immunity rulings. As the Supreme Court reasoned, where there is just a partial stay, it will likely "prove necessary for [the party against whom discovery has been stayed] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." 566 U.S. at 685-686. Thus, the defendants who have appealed and who are entitled to a stay of the pretrial proceedings are not "free from the burdens of discovery" and pretrial proceedings if discovery is permitted to go forward as to some but not all parties and claims. *Id.*

Rather, the appealing defendants must be involved in the substantial diversion that is attendant to participating in litigation including "making informed decisions as to how it should proceed," *Iqbal* at 685. This entails attending and/or assisting counsel in preparing for, not only their own depositions and discovery responses if not stayed, but all other depositions and written discovery such that the appealing parties' interests are best protected at trial "and the case does not develop in a misleading or slanted way that causes prejudice" to them. *Iqbal* at 685-686.

While it is clear that staying only part of a lawsuit is of little or no benefit to the appealing parties for the reasons stated above, it is also not judicially efficient. Bifurcating discovery would likely lead to unnecessary disputes regarding the propriety of discovery requests, which would itself waste judicial resources.

Pursuant to the foregoing precedent and attendant reasoning, a stay must be granted as to all defendants even when only some appeal on immunity grounds where the "claims [are] so intertwined that allowing discovery to proceed against one would be tantamount to allowing discovery to proceed against them all." *WBY, Inc. v. DeKalb Co., Ga.,* 2016 WL 7334648 (N.D. Ga. April 11, 2016) (construing the Court's holding in *K.M.*) Allowing discovery to go forward in such circumstances would "effectively ignore the appealing defendants' potential immunity." *Id.*

**1. Judge Hayes' appeal relative to judicial immunity is inextricably intertwined with the claims against the defendants not raising immunity on appeal.**

Under case law and the post *Pulliam v. Allen,* 466 U.S. 522 (1984), amendments to 42 U.S.C. §1983, judicial officials are entitled to absolute judicial immunity not only from damages but also from injunctive relief. [1] (While Judge Hayes is not necessarily immune from a claim for

[1] While prospective declaratory relief might be available as to judges under 42 U.S.C. § 1983, even after the post-*Pulliam* amendments, judicial immunity bars injunctive relief except where declaratory relief is not available or where a declaratory decree was violated. *See* 42 U.S.C. § 1983, which reads in pertinent part: "Every person who, under color of any statute, … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*" 42 U.S.C. § 1983 (emphasis added); *see also West v. Jones,* No. 1:14-CV-02298-VEH, 2015 WL 2450538, at *5 (N.D. Ala. May 22, 2015) (Congress abrogated *Pulliam*). No declaratory judgment is alleged to have been violated here and no declaratory relief as to Hayes appears to have been sought. The only relief sought from him in his official capacity appears to be injunctive relief.

declaratory relief, the Plaintiffs do not seek declaratory relief from Judge Hayes.) Judge Hayes appears to have been sued in his official capacity in connection with all counts remaining in this case except Count XIV (against JCS only), and, therefore his appeal from this Court's denial of his motion to dismiss on judicial immunity grounds reaches all but one of the remaining claims. Clearly, where nine of the ten remaining claims are being appealed based on immunity, the claims, being one and the same, are substantially intertwined with those against the parties who have not appealed on immunity grounds (JCS and the City).

Even if one assumed that Judge Hayes had appealed on immunity grounds, only the two claims which remain pending against him in his individual capacity – statutory peonage and false imprisonment (Counts VII and XII) – a stay as to the entire case would still be required. As explained below, Counts VII and XII are deeply intertwined with all of the claims remaining in this case against the Defendants not appealing on immunity grounds.

**2. Counts VII and XII are intertwined with the counts remaining against JCS and the City, the only Defendants not appealing on immunity grounds.**[2]

The Plaintiffs have admittedly narrowed their claims against the individual defendants in their individual capacities. The claims still pending against Murphy, Finley, Strange, and Hayes in their individual capacities (and the only claims against Murphy, Finley, and Strange remaining) are the statutory peonage claim in Count VII and the false imprisonment claim in Count XII. *See* Doc. 104-1 and Doc. 131 at 35.

Both claims are being appealed on immunity grounds by these defendants – the peonage claim on the basis of qualified immunity and the false imprisonment claim based on discretionary

[2] JCS did not appeal, and the City's appeal while not based, strictly speaking on the City's immunity from suit is certainly derivative of and/or related to the individual defendants immunity position.

function state-law immunity. Judge Hayes is also appealing both, of course, on absolute judicial immunity grounds. While these claims represent only a subset of the *number* of claims alleged in the Amended Complaint, the factual allegations supporting each claim encompass virtually all of the factual bases relevant to the remaining claims.

Count VII itself encompasses both a Thirteenth Amendment claim and a statutory peonage claim. It is pled against the City as well as the individual Defendants. Clearly the Thirteenth Amendment and statutory peonage claim overlap substantially.

In addition, Count VII is very clearly and explicitly premised on the allegation that the Plaintiffs' imprisonment for failure to pay fines and costs was unlawful:

> 223. ***Unlawfully imprisoning indigent individuals*** *for monetary debts owed to the City* ***and*** subjecting these unlawfully imprisoned individual[s] to "jail labor" violate the Thirteenth Amendment and federal laws enacted pursuant to it that prohibit peonage and forced labor. Pursuant to policies, practices or customs adopted, ratified, administered and implemented by Defendant Todd Strange, as final policymaker as Mayor for the City of Montgomery, Defendants Finley and Murphy, as final policymakers for the City of Montgomery for the Montgomery Municipal Jail, Defendant Hayes, as final policymaker for the City of Montgomery for the Montgomery Municipal Court, and JCS, Plaintiffs were coerced with threats of more prolonged ***unlawful jail terms*** by City officials if they did not "volunteer" to labor in the City jail under onerous conditions for an extra of $25 per day reduction of their debts. This amounts to peonage and forced labor, whereby a person is coerced by threat of legal sanction - i.e., imprisonment – to work off a debt to a "master." It is also an abuse of the legal process *that exploited Defendants'* ***unlawful incarceration*** *of Plaintiffs* to force them to accept, in their desperation to end *their* ***unlawful incarceration*** more quickly…

Doc. 32 (Amended Complaint) at Count VII, Par. 223.

In short, Count VII is premised, at the very least, on Count V's allegation that imprisonment was unlawful because the municipal court judges allegedly failed to provide indigence hearings prior to jailing for failure to pay fines and costs. Count V is clearly the "linchpin" count in the entire case. The allegation of "unlawful imprisonment" in Count VII might well be premised also on other counts of the complaint – counts having to do with arrest warrants

(Count III), bail (Count IV), and failure to appoint counsel (Count VI). It is clear that this Count cannot be considered a factually separate and distinct cause of action but is heavily interconnected to the remaining counts of the Complaint.

The allegations of Count XII are factually intertwined even more than Count VII with the remaining counts in the Complaint. Paragraph 267[3] of the Amended Complaint, the substantive remaining factual allegation in Count XII, re-alleges as the bases for the Plaintiffs' state-law false-imprisonment claim the allegations underlying Counts III, IV, V and VIII as set out below.

> 267. The Defendant Mayor Todd Strange and Presiding Judge Les Hayes, III, in performance of discretionary functions, instigated, participated in and/or caused the unlawful detentions of Plaintiffs, **through warrants** [Count III], **arrests** [Count III] **, placements on probation with JCS** [Count VIII]**, probation revocations** [Count VIII]**, and detentions or imprisonments** [Count V] of Plaintiffs, and others similarly situated, as detailed in the factual allegations for individual Plaintiffs, (**despite their lack of willfulness in failing to pay, and despite their indigency or inability to pay** [Count V]), **for failure to pay fixed sum bail or bonds** [Count IV]**, fines, court costs, fees, and other debts** [Count V]. Thereby, Mayor Todd Strange and Presiding Judge Les Hayes, III, in their individual capacities, and in violation of their personal duties to Plaintiffs, and others similarly situated, arising under Ala. Code § 6-5-170, did intentionally and **unlawfully instigate** [Count III (arrests)]**, participate in, cause and/or induce, or aid and abet, the detention of the persons** [Count V] of Plaintiffs for varying lengths of time, as long as nine months, whereby they were directly restrained and deprived of their personal liberty and subjected to false imprisonment (including false arrest) in violation of Ala. Code § 6-5-170.

Doc. 32, Count XII, Par. 267 (emphasis added and items in brackets added). Given the Plaintiffs' own language referencing the bases for earlier counts as the factual underpinning of Count XII, it is more than clear that Count XII is not just factually intertwined with the earlier counts in the Complaint, but that it is quite literally a restatement of those factual allegations.

---

[3] Paragraph 266 of Count XII alleges arrests without probable cause based on Counts I and II. That portion of the Complaint has already been dismissed by the Court. *See* Doc. 131.

Not only do these two counts allege as a basis for liability facts that are intertwined and that overlap with a majority of the remaining counts in the Complaint, Count VII is pled not only against the individual defendants who have appealed on immunity grounds but also against the City, and Count XII is pled against JCS as well as the appealing individual defendants. This is certainly the epitome of intertwined claims.

Moreover, given the nature of their Complaint, if there ever were a case where claims against parties appealing immunity were inextricably intertwined with other claims, this is it. The Movants have already pointed out that Hayes remains a defendant as to all counts. In addition, the Plaintiffs have alleged in broad language (*albeit with no specific allegations to support such language*) that there is an overarching interrelated scheme involved here and that *all* of the actions alleged in the multiple counts of their complaint are part of that scheme and relate to one another. This is more than evident for instance, in Paragraph 2 of Doc. 32, the Amended Complaint, which reads, in pertinent part, as follows:

> Plaintiffs are individuals who have been subjected to a "judicial [and law enforcement] extortion racket," including a modern day "debtors' prison," as part of a scheme… This **scheme** has been implemented through illegal policies, practices or customs, including but not limited to, unlawful stops, ticketing and **arrests; … extortionate imposition and collection of fines, fees, costs, restitution, surcharges and bail or bond and related charges, including through imprisonment for nonpayment; the use of threatened and actual probation revocation as a means of collection of these debts; and the use of coerced jail labor…**

Doc. 32, ¶2 (emphasis added).

Thus, while the movants categorically deny this unsupported allegation, given the nature of their Complaint, the Plaintiffs cannot argue here that the various counts of this Complaint or the allegations against the various defendants are not intertwined. The allegation of this interrelated

"scheme" as a basis for liability means that no portion of the case can proceed to discovery without implicating the rights and interests of the Defendants appealing the denial of immunity.

Respectfully submitted this 10th day of May, 2017.

s/ Shannon Holliday
Shannon Holliday [ASB-5440-Y77S]
Robert D. Segall [ASB-7354-E68R]
Joel Caldwell [ASB-4625-Z36E]
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
holliday@copelandfranco.com
segall@copelandfranco.com
caldwell@copelandfranco.com
**Attorneys for Defendants City of Montgomery, Finley, Murphy, Strange, and Hayes**

s/ E. Ham Wilson
E. Ham Wilson (ASB-0334-W45E)
Miland F. Simpler, III (ASB-1266-B48M)
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, AL 36109-5413
hwilson@ball-ball.com
msimpler@ball-ball.com
**Co-Counsel for Defendant Hayes**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Martha I. Morgan
8800 Lodge Lane
Cottondale, Alabama 35453

Faya Rose Toure
Henry Sanders
Chestnut, Sanders & Sanders, LLC
One Union Street
P.O. Box 1290
Selma, AL 36702

Michael L. Jackson
Larry S. Logsdon
Wesley K. Winborn
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, AL 35253

s/Shannon L. Holliday
Of Counsel