**THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| ANGELA MCCULLOUGH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO: 2:15-CV-463-RCL-WC |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF MONTGOMERY, ALABAMA, | ) | |
| et al., | ) | |
| Defendants. | ) | |

## PLAINTIFFS' COMBINED RESPONSE IN OPPOSITION TO THE MOTION OF DEFENDANTS CITY OF MONTGOMERY, TODD STRANGE, ERNEST FINLEY, KEVIN MURPHY, AND LESS HAYES, III TO STAY CASE *AND* MOTION TO DECLARE APPEALS FRIVOLOUS

COME NOW Plaintiffs and oppose the above Defendants' Motion to Stay Case (ECF.

158) or in the alternative to stay all discovery, pending resolution of the interlocutory appeals

they have filed. See *McCullough, et al. v. City of Montgomery, et al*. No 17-11554-J and

*McCullough, et al. v. Hayes*, No.17-11554 (11th Cir).[1] Plaintiffs also move this Court to declare

that some or all of the grounds for these appeals are "frivolous" and thus carry on with this case.[2]

Plaintiffs' counsel have conferred with Defendants' counsel in an effort to reach an

agreement about limited discovery pending resolution of this appeal both during their Rule 26(f)

conference and on several subsequent occasions. Defendants' counsel now have informed

Plaintiffs' counsel that they have decided it would be in their clients best interest not to agree to

limited discovery.

Plaintiffs' position is that a stay of all proceedings in this Court, or even a stay of all

discovery, is not warranted in this case. A partial stay of discovery directed to the individual

defendants appealing on immunity grounds may be appropriate to the extent their appeals are

non-frivolous. However, any such "discovery stay should not result in unfair prejudice to the

rights of the plaintiffs and their [other] claims." *K.M. v. Ala. Dept. of Youth Services*, 209 F.R.D.

493, 496 (M.D. Ala. 2002), *aff'd* 73 F. App'x 386 (11th Cir. 2003). Moreover, most, if not all, of

---

[1] The City of Montgomery has also filed a motion to stay all proceedings in *Carter v. City of Montgomery, et al.*, No 2:15-cv-555-RCL, pending resolution of the appeals in this case. *See Carter*, ECF 124 at 4. Plaintiffs note that this document's chart of overlaps between the claims and purported classes in this case and *Carter* completely disregards the fact that *Carter's* claims relate solely to persons assigned by Montgomery to JCS and the purported class of persons jailed is a subclass of persons assigned to JCS. ("The Plaintiffs seek class certification for persons assigned by Montgomery to Judicial Correction Services, Inc. (hereinafter 'JCS') for the collection of fines, fees and costs. A *subclass* of those individuals would include persons arrested and jailed pursuant to this joint scheme." First sentence of Overview Section of *Carter's* Memorandum in Support of Motion for Class Certification, ECF 117, filed after *Carter's* Motion to file Second Amended Complaint, ECF 115.). (Emphasis added). *McCullough* Plaintiffs' claims and purported classes include but are not limited to persons assigned to JCS.

[2] As the Eleventh Circuit made clear in *Blinco v. Green Tree Servicing, LLC*, 366 F.3d. 1249, 1252 (11th Cir. 2004),  "[E]ither the court of appeals or the district court may declare that the appeal is frivolous, and if it is the District Court may carry on with the case."

Defendants' apparent grounds for  appeal appear to be frivolous as that term is understood in this

context.[3]

**General Law Regarding Effects of Filing Notice of Appeal on District Court's Jurisdiction**

The filing of a notice of appeal from an interlocutory order does not completely divest the

district court's jurisdiction over the case.  As the Fifth Circuit explained in *Alice L. v. Dusek*,

1492 F3d 563, 564 (5th Cir. 2007):

> A notice of appeal from an interlocutory order does not produce a complete divestiture of
> the district court's jurisdiction over the case;  rather, it only divests the district court of
> jurisdiction over those aspects of the case on appeal.    Our caselaw makes this point
> clearly:  "It is the general rule that a district court is divested of jurisdiction upon the
> filing of the notice of appeal with respect to any matters involved in the appeal.
> However, where an appeal is allowed from an interlocutory order, the district court may
> still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663,
> 667-68 (5th Cir.1981); [4]  see also *Griggs v. Provident Consumer Discount Co.*, 459 U.S.
> 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an
> event of jurisdictional significance-it confers jurisdiction on the court of appeals and
> divests the district court of its control over those aspects of the case involved in the
> appeal.") (emphasis added).

> How broadly a court defines the aspects of the case on appeal depends on the
> nature of the appeal.    Dusek argues that her appeal of the district court's denial of
> qualified immunity is so broad as to divest the district court of jurisdiction to compel her
> compliance with discovery requests made related to the Title IX claims against Eanes
> ISD.    We disagree.    Although qualified immunity is "an entitlement to be free from the
> burdens of time-consuming pre-trial matters and the trial process itself," *Williams v.
> Brooks*, 996 F.2d 728, 730 n. 2 (5th Cir.1993), it is "a right to immunity from certain
> claims, not from litigation in general," *Behrens v. Pelletier*, 516 U.S. 299, 312, 116 S.Ct.
> 834, 133 L.Ed.2d 773 (1996) (emphasis in original).    Even though the factual basis of
> the Title IX claims and the §  1983 claim overlap, the claims are legally distinct-notably,
> Dusek does not and cannot assert qualified immunity from the Title IX claim against
> Eanes ISD.    To the extent that Dusek is subject to discovery requests on claims for
> which she does not or cannot assert qualified immunity, such discovery requests do not

---

[3] In  *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989), the Court noted that an appeal may
be frivolous if "the district judge has not finally resolved the question of immunity," or if "the
disposition is so plainly correct that nothing can be said on the other side." *Id*. at 1339.

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh
Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior
to October 1, 1981.

implicate her right to qualified immunity.    The district court may compel discovery disclosures related to the plaintiffs' Title IX claims because doing so does not interfere with any aspect of Dusek's appeal.

The principal case Defendants rely on in seeking to stay all discovery in this case is *K.M. v. Ala. Dept. of Youth Services*, 209 F.R.D. 493, 495 (M.D. Ala. 2002), *aff'd* 73 F. App'x 386 (11th Cir. 2003), where Judge Thompson ruled that:

> Once a non-frivolous appeal of a denial of immunity has been filed, a stay of discovery is obviously appropriate until the appellate court resolves the immunity issue. *Summit Medical Assoc. v. James*, 998 F. Supp. 1339 (M.D. Ala. 1998); see also *Hegarty v. Somerset County*, 25 F.3d 17 (1st Cir. 1994) ("The stay of discovery, of necessity, ordinarily must carry over through the appellate court's resolution of [the immunity] question, so long as the appeal is non-frivolous."). Therefore, a complete stay will issue as to the defendants who have appealed the denial of immunity. No discovery involving these defendants is authorized.

 In *K.M.* the Court stayed all discovery against the parties appealing denials of immunity. At the same time, it recognized that a stay of all proceedings was not equitable and could result in unfair prejudice to the rights of plaintiffs and their other claims.[5] *Id.* at 496. Judge Thompson also cited with approval *Summit Medical Assoc. v. James*, 998 F. Supp. 1339, 1350-51 (M.D. Ala. 1998) ("this stay will not extend to any extraordinary request . . . for a temporary restraining order, a preliminary injunction, or similar relief, the thrust of which is, among other things, to maintain the status quo or preserve the court's jurisdiction.").

 Accordingly, any stay here should not extend to issues of declaratory and/or injunctive relief with respect to ongoing constitutional violations or discovery with respect to those claims.

---

[5]Notably, the appeals in *K. M.* included not only qualified immunity claims by two individual defendants but also a sovereign immunity claim by the state agency defendant. The only defendants not appealing immunity rulings were two other individual defendants who had not claimed entitlement to any immunity.

This Court's March 10, 2017 opinion and order denied Defendants' motions to dismiss Plaintiffs' claims for injunctive and/or declaratory relief related to Plaintiffs' challenge to the City's warrant and bail policies. Moreover, in their Amended Complaint, Plaintiffs included a broad general request for all appropriate relief but noted that they did not seek declaratory and/or injunctive relief on several of their claims at that time because the issues raised were involved in the Settlement Agreement in *Mitchell v. City of Montgomery*, No. 2:14-cv-186. ("Plaintiffs do not seek injunctive relief, at this time, on their claims that are against policies or practices which the City of Montgomery and Presiding Judge Les Hayes, III agreed to pursuant to settlement agreements in these prior cases." ECF 32 at 6 n.8) This settlement agreement terminates on November 17, 2017--well before this appeal is likely to be resolved--and at that point, if not before, preliminary injunctive or declaratory relief may be needed to protect Plaintiffs' rights.

Defendants repeatedly refer to how "intertwined" all of Plaintiffs' claims are. Yet, qualified immunity is "a right to immunity from certain claims, not from litigation in general," *Behrens v. Pelletier,* 516 U.S. 299, 312, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Even though the factual bases of Plaintiffs' anti-peonage claims in Count VII and the false imprisonment claims in Count XII may overlap with some of their § 1983 claims, the claims are legally distinct. None of the individual Defendants are any longer parties to any of Plaintiffs' Section 1983 claims in their individual capacities.[6] The only remaining parties to any of Plaintiffs' Section 1983 claims are the City of Montgomery, Defendant Hayes in his official capacity, and JCS (as to Counts III, V, and VIII).

---

[6] Plaintiffs will be entitled to depose the individual defendants as part of their claims against the City and JCS once the appeal is resolved, regardless of its outcome. Surely, Defendants' testimony would not differ based on when they are deposed or whether they are subject to individual liability.

**Nature of Appeals and Arguments Regarding "Frivolousness"**

First, Defendants admit in their motion to stay that the City of Montgomery's appeal is not based on the City's immunity from suit.  They state that, "JCS did not appeal, and the City's appeal while not based, strictly speaking on the City's immunity from suit is certainly derivative of and/or related to the individual defendants immunity position." (ECF 158 at 5 n2.).

Defendants' Statements of Appeal are vague as to what specific immunity issues are being appealed. However, the only aspects of this Court's March 10, 2017 opinion and order that are even arguably subject to interlocutory appeal relate to the individual defendants' immunity claims to those portions of Counts VII (anti-peonage claims) and XIII (false imprisonment) that raise individual capacity claims against them. According to counsel for Defendants, Hayes is appealing all counts alleged against him on absolute judicial immunity grounds. But absolute judicial immunity is a defense only to individual capacity claims and the only individual capacity claims that remain against Hayes are in Counts VII and XII.

In his official capacity, Hayes is entitled to no immunity under Section 1983 if he is a final policymaker for the City in performing his challenged functions as Presiding Judge, as Plaintiffs allege. Instead, the official capacity claim against him is then redundant, as it was for the other individual defendants who were sued in their official capacities as municipal officials in Plaintiffs' original but not amended Complaint. Alternatively, if as he claims, Hayes acts for the state in his official capacity in performing the acts and omissions challenged here, the relevant immunity at issue would be Eleventh Amendment immunity for damages rather than individual capacity judicial immunity. Then the *Ex parte Young,* 209 U.S. 123 (1908), exception to such immunity would allow declaratory and injunctive relief against Hayes in his official capacity.

Defendants' motion to stay in this case discusses at length the limitations on injunctive relief contained in the1996  post-*Pulliam v. Allen*, 466 U.S. 522 (1984), amendments to Section

1983. They assert that this amendment provides Hayes "absolute judicial immunity" on all Counts against him in his official capacity. But any interlocutory appeal based on this provision is clearly frivolous for several reasons. Assuming *arguendo* that this amendment applies to official capacity claims as well as individual capacity claims as involved in *Pulliam*, Plaintiffs have never claimed that the amendment's declaration ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable") would not be applicable to Hayes for any acts taken by him as a judicial officer in his judicial capacity.[7] And the Court's opinion and order did not suggest otherwise.

---

[7] To suggest that Plaintiffs "appear" not to seek declaratory relief against Hayes in his official capacity ignores the express wording of Plaintiffs' Amended Complaint's Request for Relief, ECF 32 at 87, which includes both declaratory and injunctive relief, as well as "[a]ny other relief this Court deems just and proper, and as may be required in the interests of justice." It also ignores other critical language in the Amended Complaint that has been highlighted in other filings. ("Painstaking as it may have been in asserting otherwise, the City of Montgomery cannot wash its hands of responsibility and liability for the unconstitutional administrative policies and practices of its municipal court or presiding judge (or for any other of its court staff or other agents, including its police chief), by trying to hide behind the robes of its presiding judge and contend that this federal court lacks the power to consider or enjoin critical parts of the City's shamefully unconstitutional scheme. [fn 1]". Footnote 1 states: "To avoid such an unconscionable result, Plaintiffs have sued Presiding Judge Hayes in both his official and [individual] capacities, so that even if the City were to prevail on its denial of liability for any of his administrative policies, which it should not, *Plaintiffs still would be entitled to declaratory relief and, if necessary, injunctive relief against him in his official capacity as a state officer.* See Plaintiffs' First Amended Complaint (Doc.# 32, at 12 n. 14) (noting that "Plaintiffs do sue Presiding Judge Les Hayes, III in both his individual and official capacities to preserve all claims against him, given the City of Montgomery's denial of any responsibility for, or control over, his challenged actions.") and (Doc.# 32, at 13 para. 36) (reiterating that Hayes is sued in both his individual and official capacities and is liable "regardless of whether he is acting as the final policymaker for the City, or acting for some other state governmental entity at the time of his acts or omissions."). None of the Plaintiffs' claims against Defendant Hayes, other than those against him personally for compensatory and punitive damages, are limited to claims against him in his individual capacity. It is notable that Defendant Hayes has filed no motion to dismiss that covers Plaintiffs' alternative claims against him in his official capacity as a state officer." ECF 82-1 at 6 n.1. (Emphasis added.).

Additionally, an appeal may be frivolous if "the district judge has not finally resolved the question of immunity," *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). This is clearly the case with respect to any immunity claims by Hayes in his official capacity. The Court so stated in its March 10, 2017 Memorandum denying Hayes' motions to dismiss in his official capacity:

### c. Judge Hayes' Role is Currently Undetermined

Plaintiffs' allegations of a series of interwoven policies designed to increase municipal revenue raise factual questions that cannot be resolved at this time. It is possible to understand Judge Hayes' role as creating policy for the municipal court independent of the City, but it is also possible to understand the allegations as Judge Hayes operating as a *de facto* City official working with the police and others to craft a series of policies to increase municipal cashflow. Plaintiffs have sufficiently alleged that these policies were created, but it is not clear at this point the precise nature of Judge Hayes' role.

Accordingly, plaintiffs have stated a claim either that Judge Hayes is liable in his official capacity or that the City is liable because he was acting as a City official in creating those policies. Which of these two allegation is correct cannot currently be determined, but plaintiffs have nonetheless stated a claim for this Count. ECF 131 at 17.

Defendants have not provided any information on the specific grounds for their appeal with respect to state law immunity regarding Count XII's false imprisonment claims, but these appeals also appear frivolous. The Alabama Supreme Court has ruled that, given their "factually-intensive requirements," state agent immunity determinations are almost exclusively summary judgement determinations. *Johnson v. Reddoch,* No. 1121481 (Ala. Dec. 18, 2015). As the Fifth Circuit recognized in *Tamez v. City of San Marcos, Texas,* 62 F.3d 123 (5th Cir.1995) (appeal from denial of summary judgment), while state procedural rules are not directly controlling as to the federal appealability of state law immunity claims, state procedural rules are important for

what they reveal about the state's view on the substantive issue of the scope of the state law immunity.[8]

The Alabama Supreme Court's view of the substantive issue of the scope of state agent immunity, as reflected in *Johnson v. Reddoch, supra*, may recognize it as an immunity from trial rather than a mere defense to liability, but clearly does not consider it as embracing an immunity from discovery. *See also Ex parte Alabama Dep't. of Mental Health & Mental Retardation,* 837 So.2d 808, 813–14 (Ala.2002). ("[A] motion to dismiss is typically not the appropriate vehicle by which to assert qualified immunity or State-agent immunity and normally the determination as to the existence of such a defense should be reserved until the summary-judgment stage, *following appropriate discovery*.") (Emphasis added.)

Moreover, the Court's ruling with regard to Plaintiffs' state false imprisonment claim is "plainly correct." In denying Defendants' motion to dismiss these claims, this Court stated as follows:

> Plaintiffs here allege that defendants acted beyond their authority, in bad faith, and under mistaken interpretations of the law in the course of incarcerating them due to their inability to pay fines. Thus, with respect to a policy of incarcerating individuals on the basis of their indigency as part of a larger scheme to increase municipal budgets, plaintiffs state a claim.
>
> It is certainly the case that "[n]ot every innocent misinterpretation of the law revokes an official's state-agent immunity under Alabama law," that exercising poor judgment is insufficient to strip away immunity, and that to act beyond one's authority there must be clear rules that remove the official's judgment. *Hill v. Cundiff*, 797 F.3d at

---

[8] "We similarly lack jurisdiction over Misiaszek and the City's appeal of the magistrate judge's denial of their motion for summary judgment on the Tamezes' state-law claims based on official immunity under the Texas Tort Claims Act.   "Appealability under 28 U.S.C. §  1291 .   is clearly a matter of federal law;  state procedural law is not directly controlling."   *Sorey,* 849 F.2d at 962;  accord *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).   We look to state procedural rules "for what they reveal about the state's view on the substantive issue of whether qualified immunity is an immunity from suit or merely a defense to liability," *Sorey,* 849 F.2d at 962, because the denial of summary judgment based on a mere defense to liability is not a final decision for the purposes of §  1291, *cf. Mitchell,* 472 U.S. at 530, 105 S.Ct. at 2817 (holding that district court's denial of summary judgment based on qualified immunity is sometimes appealable 'final decision' within meaning of §  1291, which otherwise precludes review of pretrial orders)."

981. That the Court should ensure the exception does not swallow the rule, see *id*. at 982, does not mean immunity covers the actions and policies alleged in this case. Here, the allegations are very much tied to bad faith and violations of clear Alabama constitutional provisions.  ECF 131 at 28-29.

Furthermore, it is questionable the extent to which the appeals filed in this case are based on issues of law (rather than fact-based) so as to be subject to interlocutory appeal. The crux of Defendants' objections to Plaintiffs' anti-peonage claims is that (despite Plaintiffs' express claims of "forced" jail labor) they read Plaintiffs' claims as showing that they "volunteered" to do jail work. The Supreme Court held in *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), that qualified immunity appeals should be limited to "cases presenting neat abstract issues of law." Id. at 317 (citation omitted). *Cf. Baluch v. Johns*, 70 F3d 814, 818 (5th Cir. 1995):

A.   An interlocutory appeal must present an issue of law, not a dispute about the facts

It is well-settled that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." [footnote omitted]  However, as the Supreme Court made clear in *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." [footnote omitted]  Indeed, even before *Johnson,* we had consistently held that a district court's denial of a qualified immunity summary judgment is not appealable when there are disputed issues concerning the immunity claim.  *Tamez v. City of San Marcos, Texas*, 62 F.3d 123 (5th Cir.1995); *Johnston v. City of Houston,* 14 F.3d 1056, 1060 (5th Cir.1994);  *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 431 (5th Cir.1993), cert. denied, 511 U.S. 1019, 114 S.Ct. 1400, 128 L.Ed.2d 73 (1994).

Given the seemingly factual nature of Defendants' no forced labor arguments and this

Court's ruling that the law here has been clearly established for over a hundred years, Defendants

anti-peonage law immunity appeals may be considered "frivolous" as that term is understood in

this context. *See Jennings v. Genesee County Deputies*, No. 13-13308, E.D. Mich. Sept 4, 2015:

A defendant's right to bring such an interlocutory appeal is subject to two limitations, however. First, a defendant cannot stop district court proceedings by simply asserting a frivolous interlocutory appeal. If a defendant's challenge to the denial of his qualified immunity defense is devoid of merit, the district court can declare it as such and move forward with the case. *See Behrens v. Peltier*, 516 U.S. 299, 310–11, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (citing *Yates v. Cleveland,* 941 F.2d 444, 448–49 (6th Cir.1991) ).

> The purpose underlying the district court's authority to disregard a frivolous interlocutory appeal is manifest. An interlocutory appeal is "subject to abuse." *Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir.1986). A defendant can assert an interlocutory appeal simply to delay a proceeding, causing prejudice to both the plaintiff and the court.

It is noteworthy to recall that in an apparent attempt to persuade Plaintiffs to voluntarily dismiss their individual capacity claims under Counts VII and XII, Defendants announced their intent to immediately file interlocutory appeals of any denials of their motions to dismiss on these issues well before the Court ruled on their motions to dismiss and regardless of the Court's reasoning. *See* ECF 114 at 2 ("Defendants Murphy, Finley, and Strange will be seeking an immediate appeal, therefore, from any ruling against them in connection with Count VII's anti-peonage claims.") and 4 ("If there is a denial of the Motion to Dismiss as to Count XII, the individual defendants in this action who have raised discretionary function immunity as a defense in the briefing (see Doc. 53 at 43-441) will file an interlocutory appeal on this issue."). As noted by this Court in *Summit Medical Associates, P.C. v. James*, 998 F. Supp. 1339, 1342 (M.D. Ala. 1998), an appeal from a denial of qualified immunity may be frivolous "where the claim of immunity is a sham and asserted solely for the purpose of delay."

In *Jennings v. Genesee County Deputies*, *supra*, the Court also balanced four traditional factors considered in deciding whether to stay a case pending appeal and found they weighed in favor of denying the stay.

> Defendants, moreover, do not articulate or apply the traditional factors considered in determining whether to stay a case pending appeal. These factors are: "1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay." *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001). The "four factors are not prerequisites but are interconnected considerations that must be balanced together." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir.2006). "The probability of success that must be demonstrated is inversely proportional to the amount

of irreparable injury [the movant] will suffer absent the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991).

While the Court is not a fortune teller, it firmly believes that defendants will not prevail on the merits of the appeal because the appeal does not present a pure legal issue. Jennings will be harmed by further delay. The public interest favors moving this matter forward to determining defendants' liability. Defendants have also not shown that they will be overwhelmingly and irreparably harmed absent a stay. Thus, on balance, the four factors weigh in favor proceeding to trial.

A final point. The Court is constrained to observe that the ability to seek interlocutory review from the denial of qualified immunity can lead to abuse where an appeal is taken from an order which clearly does not turn on a legal issue. The end result is to delay resolution as to the merits of a case, which is inconsistent with the fair administration of justice

A balancing of the factors considered in *Jennings* also weighs in favor of denying the stay in this case. Defendants here are unlikely to prevail on their appeals for the reasons set forth above. Plaintiffs, who have already suffered greatly from Defendants' scheme will clearly be further harmed and prejudiced by the delay occasioned by the broad stay of all discovery Defendants seek. The public interest here also favors moving this matter forward to determine Defendants' liability. And here too, Defendants have not shown how they will be greatly or irreparably harmed if a stay is denied. Thus, these four traditional factors all weigh in favor of proceeding with some, if not all, discovery pending resolution of these appeals.

For the forgoing reasons, Plaintiffs respectfully request that the Court DENY Defendants' motion to stay insofar as it asks the Court to stay all proceedings, as well as to the extent it asks the Court to stay all discovery. Plaintiffs request that the Court allow them to proceed with discovery as long as it is not directed to individuals pursuing non-frivolous appeals on immunity grounds. In particular, Plaintiffs request that they be allowed to conduct discovery relevant to the City's ongoing policies related to warrants and bail.

Based on the foregoing arguments, Plaintiffs also request that the Court GRANT their motion to declare that some or all Defendants' grounds for appeal are "frivolous" and then "carry on with the case."

Respectfully submitted,

s/Martha I. Morgan
Martha I. Morgan (ASB-3038-A46M)
8800 Lodge Lane
Cottondale, Alabama 35453
Telephone: 205-799-2692
E-mail: mimorgan@yahoo.com

Faya Rose Toure (ASB-5931-R787)
Henry Sanders (ASB-6179-A34H)
CHESTNUT, SANDERS &
  SANDERS, LLC
One Union Street
P.O. Box 1290
Selma, Alabama 36702
Telephone: 334-526-4531
Fax: 334-526-4535
E-mail: fayarose@gmail.com
        gpompey@csspca.com

Of Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing on all Defendants or their counsel on this 17th day of May, 2017.

s/ Martha I. Morgan
Of Counsel