UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ANGELA MCCULLOUGH et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE CITY OF MONTGOMERY, )<br>ALABAMA et al., )<br>)<br>Defendants. )<br>) | Civil Case No. 2:15-463 |

## ORDER

This putative class action began with a six-defendant, fourteen-count thunderbolt alleging the City of Montgomery, its judges, its police chief, and its mayor operated a modern-day debtors' prison to increase municipal revenue as part of an extortionate scheme with a private offender-funded probation agency, Judicial Corrections Services, Inc. (JCS). But after plaintiffs voluntarily dismissed some claims, this Court dismissed others, and the Eleventh Circuit dismissed even more, it limps into discovery with just two defendants and the following claims:

- that JCS violated the Fourth and Fourteenth Amendments by orchestrating plaintiffs' arrests based solely on their nonpayment of monetary debt (count three from the amended complaint, ECF No. 32);

- that JCS violated the Fourth and Fourteenth Amendments by orchestrating plaintiffs' arrests without meaningfully inquiring into their ability to pay (count five from the amended complaint);

- that the City's scheme violated the Thirteenth Amendment and anti-peonage laws (count seven from the amended complaint

- that JCS and the City violated the Fourth and Fourteenth Amendments by threatening to or actually revoking probation to collect fines and fees from plaintiffs (count eight from the amended complaint);

- that JCS falsely imprisoned plaintiffs by helping create policies detaining plaintiffs due to their inability to pay fines (a state-law claim comprising part of count twelve from the amended complaint);

- that JCS abused process by using probation orders to coerce and extort money from plaintiffs (a state-law claim comprising count thirteen from the amended complaint); and

- that JCS had and received money under illegal contracts (a state-law claim comprising count fourteen from the amended complaint).

Plaintiffs recently moved [185] to lift the nearly two-year stay of discovery. The Court **GRANTS** that motion and **ORDERS** the parties to meet and confer within fourteen days and to submit—jointly if possible, separately if necessary—a proposed discovery plan and scheduling order within ten days thereafter. The order shall provide for a discovery end-date of December 19, 2019. And to facilitate prompt resolution of disputes in the interim, the order shall require any opposition to be filed within five business days of a motion for judicial intervention, with replies due three business days after the opposition's filing. The Court will not refer these motions to a magistrate judge; the undersigned will rule on them as expeditiously as possible. Finally, the order shall impose a dispositive motion due-date of January 20, 2020, with responses due February 20, 2020, and replies due March 9, 2020. Given this case's history and duration, these deadlines will not be further extended.

June _19_, 2019

_Royce C. Lamberth_
Royce C. Lamberth
United States District Judge