THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANGELA MCCULLOUGH, et al., ) | |
| ON BEHALF OF THEMSELVES, ) | |
| INDIVIDUALLY, AND ON BEHALF OF A ) | |
| CLASS OF ALL OTHERS SIMILARLY ) | |
| SITUATED, ) | |
| ) | |
| Plaintiffs, ) | CASE NO: 2:15-CV-463-RCL-SMD |
| ) | |
| ) | CLASS ACTION |
| ) | |
| vs. ) | |
| ) | |
| THE CITY OF MONTGOMERY, ALABAMA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

COME NOW Plaintiffs and file this motion for reconsideration of the Court's Order dated June 20, 2019 (Doc. 186), dismissing "all claims" against Judge Westry, Judge Hayes, Mayor Strange, Chief Finley, and Chief Murphy.  Specifically, Plaintiffs respectfully request that the Court reconsider the dismissal of all claims against Judge Westry,[1] and reinstate the claims brought against him in his official capacity, for declaratory and injunctive relief.

A. **Procedural History**

---

[1] As the current Presiding Judge of the City of Montgomery Municipal Court, Judge Westry should be automatically substituted as a party Defendant, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

Plaintiffs initially sued Judge Les Hayes III in both his individual and official capacities. Plaintiffs' First Amended Complaint (Doc. 32) states at ¶ 30, footnote 14 states:

> For purposes of 42 U.S.C. §1983 claims, official capacity claims against the individual municipal defendants as policymakers for the City are claims against the City itself, and redundant. Thus, Plaintiffs' claims against Defendants Strange, Finley, and Murphy, individually, are against them in their individual capacities. However, <u>Plaintiffs do sue Presiding Judge Les Hayes, III in both his individual and official capacities to preserve all claims against him</u>, given Defendant The City of Montgomery's denial of any responsibility for, or control over, his challenged actions.
>
> (emphasis supplied).

The Request for Relief in the Complaint expressly asks the Court to enter both declaratory and injunctive relief, as well as "[a]ny other relief this Court deems just and proper, and as may be required in the interests of justice."

In its October 29, 2018 opinion, the Eleventh Circuit did not address official capacity claims against either Judge Hayes or Judge Westry. *See McCullough v. Finley*, 907 F.3d 1324 (11th Cir. 2018). The court stated that "[t]his appeal requires us to decide whether two municipal judges enjoy absolute judicial immunity", *id*. at 1328, and that the court "previously had "ruled that we have jurisdiction over the individual defendants' appeal of the denial of their alleged immunities." *Id*. at 1329; *see McCullough v. City of Montgomery*, No. 17-11554-JJ, 2017 U.S. App. LEXIS 28091, at *2 (11th Cir. Aug. 17, 2017) ("The appeal may proceed to the extent any individual defendant is appealing from the denial of judicial, qualified, or discretionary function immunity. The appeal is dismissed in all other respects.")

In its May 14, 2019 ruling on remand (Doc. 183), this Court expressly recognized that Plaintiffs' Complaint alleged claims against the presiding judge of the City of Montgomery's municipal court, in both his official capacity and his individual capacity:

> Plaintiffs' amended complaint included fourteen claims related to the policies described above against the City, JCS, the presiding judge of the City's municipal court in his official capacity, as well as against the presiding judge, the City's mayor, and two of its police chiefs in their individual capacities. Am. Compl. ¶¶ 178-281, ECF No. 32.

*McCullough v. City of Montgomery*, No. 2:15-cv-463 (RCL), 2019 U.S. Dist. LEXIS 82069, at *5, (M.D. Ala. May 14, 2019). The Court's ruling specifically addressed only the City's Motion for Judgment on the Pleadings. See *id*. 2019 U.S. Dist. LEXIS 82069, at *34.

The Court's subsequent June 20, 2019 Order dismissed "all claims" against Judges Hayes and Westry. This Motion for Reconsideration follows.

B. <u>Argument</u>

    I.    **PLAINTIFFS ARE ENTITLED TO CONTINUE SEEKING DECLARATORY AND INJUNCTIVE RELIEF AGAINST JUDGE WESTRY, IN HIS OFFICIAL CAPACITY.**

Plaintiffs no longer seek monetary damages from either presiding judge in this action. The doctrine of judicial immunity, ruled upon by the Eleventh Circuit, does not prohibit all actions against judicial officers, in their official capacity. Plaintiffs continue to present viable claims for declaratory and injunctive relief that withstand any potential claim of the Defendants based on judicial immunity.

In 1996, Congress enacted the <u>Federal Courts Improvement Act</u> ("FCIA"), Pub. L. No. 104-317, Title III, § 309(c), 110 Stat. 3853), which amended 42 U.S.C. § 1983, to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." As the Northern District of Alabama has observed, in <u>*Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984)</u>, the Supreme Court "'held that

judicial immunity does not bar prospective injunctive relief against judicial officers for acts or omissions taken in a judicial capacity. Congress, however, responded to *Pulliam* by amending 42 U.S.C. § 1983 in an attempt to abrogate *Pulliam*'s holding regarding the scope of judicial immunity.'" *Snow v. King*, No. 4:17-CV-1048-VEH, 2018 U.S. Dist. LEXIS 16137, at *9-10 (N.D. Ala. Feb. 1, 2018), *appeal dismissed*, 2018 U.S. App. LEXIS 11417 (11th Cir. May 1, 2018) (quoting Ray v. Judicial Corr. Servs., Inc., No. 2:12-CV-02819-RDP, 2014 U.S. Dist. LEXIS 143755, at *3-4 (N.D. Ala. Oct. 9, 2014)).

       1. Plaintiffs' Claims for Declaratory Relief Against Judge Westry in his Official Capacity Remain Intact and Should be Reinstated.

Plaintiffs retain the ability to pursue claims for declaratory relief against Judge Westry in his official capacity. As amended, § 1983 does not expressly address the availability of prospective declaratory relief to defeat judicial immunity. Eleventh Circuit precedent supports the availability of declaratory relief against judicial officers, such as Judge Westry.

In addressing the appeal of a state prisoner against a state judge, the court in *Wells v. Miller*, 652 Fed. Appx. 874, 975 (11th Cir. 2016), stated: "State judges are not immune from declaratory relief in a § 1983 action." *Id*. at 975 (citation omitted). In adjudicating a state prisoner's civil complaint for declaratory and injunctive relief against judges of the Alabama Court of Criminal Appeals, the Eleventh Circuit noted the Congressional abrogation of § 1983 by *Pulliam* and instructed:

> Because Appellant did not ask for damages, judicial immunity protects Defendants in this case only to the extent Appellant requests injunctive relief . . . Because Appellant specifically requests declarative relief, judicial immunity protects the Defendants only from Appellant's request for injunctive relief. But § 1983 does not explicitly bar Appellant's request for declarative relief.

4

*Esensoy v. McMillan*, No. 06-12580, 2007 U.S. App. LEXIS 2085, at *4 n. 5 (11th Cir. (Jan. 31, 2007), cert. denied, 552 U.S. 1097 (2008). Similarly, in *Bolin v. Story*, 225 F.3d 1234 (11th Circuit 2000), the Circuit addressed the appeal of plaintiffs who, after being convicted of certain crimes, brought an action for declaratory and injunctive relief against judges, prosecutors, and an Internal Revenue Service agent. In discussing the judges' claims of immunity in the context of the amendment of § 1983, the court noted that "the 1996 amendment to § 1983 would limit the relief available to plaintiffs to declaratory relief." *Id*. at 1242.

The court in *Snow* relied on the rulings of the Eleventh Circuit to uphold the use of declaratory relief against municipal judges, ruling that immunity does not pose a bar:

> At the end of the day, section 1983 does not specifically prohibit prospective declaratory relief against municipal court judges. Further, the statute was amended only to in response to the *Pulliam* opinion, which did not address declaratory relief. Finally, although not binding, everything the Eleventh Circuit has said on this issue supports the availability of such relief in spite of judicial immunity principles. Accordingly, and in consideration of all of the above, the Court agrees with those opinions which hold that prospective declaratory relief is an exception to judicial immunity in cases brought against municipal court judges pursuant to 42 U.S.C. § 1983.

2018 U.S. Dist. LEXIS 16137, at *14-15.

Plaintiffs in this case seek to invoke this Court's discretion to "declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201. Plaintiffs averred in ¶ 68 of the Complaint that "even if the temporary policy changes" of the a court-approved settlement in *Mitchell v. City of Montgomery*, No. 2:14cv186-MHT, 2014 U.S. Dist. LEXIS 195297 (M.D. Ala. Nov. 17, 2014), "are fully implemented, they will have no effect on Plaintiffs' claims for declaratory relief as to some other of the challenged policies, practices, or customs…." In Claims 3 – 9 of the Complaint, they seek prospective relief from the

5

Court, to declare ongoing practices perpetrated by the municipal court presiding judge to be in violation of both federal law and the United States Constitution. *See Snow*, 2018 U.S. Dist. LEXIS 16137, at *15. This relief, sought against Judge Westry in his official capacity, is not barred by any claim of judicial immunity. Plaintiffs request that the Court reconsider its Order dismissing these claims for declaratory relief.

      2. <u>Plaintiffs' Claims for Injunctive Relief Against Judge Westry in his Official Capacity</u>

In addition to declaratory relief, judicial immunity does not preclude injunctive relief against Judge Westry, in his official capacity. As stated in ¶ 68 of the Complaint, Defendant Hayes, without admitting liability, entered into a prior court-approved settlement agreement mandating modifications in municipal court practices. In *Mitchell,* 2014 U.S. Dist. LEXIS 195297, which included both Judge Hayes and Judge Westry as named defendants,[2] Judge Thompson approved a settlement that accorded declaratory and injunctive relief jointly agreed to by the parties. *Id*. at *2. The court-approved settlement, which, in addition to certain separate specified provisions, mandated, within 45 days, the adoption of and compliance with an incorporated policy entitled "Judicial Procedures of the Municipal Court of the City of

---

[2] The defendant City of Montgomery filed an unopposed motion to join the municipal court judges in their official capacities, including then-Presiding Judge Hayes and Judge Westry, to the *Mitchell* action, to enable the following relief:

> For the entirety of the equitable relief negotiated and agreed to by the parties in the Settlement Agreement to be afforded, it is necessary that the Judges of the Municipal Court of the City of Montgomery be joined in their official capacities as Party Defendants to this action for the sole purpose of making them subject to the jurisdiction of this Court relative to this Court's equitable jurisdiction over the Settlement Agreement.

*Mitchell v. City of Montgomery*, No. 2:14cv186-MHT, ("Unopposed Motion for Joinder of Parties", Oct. 31, 2014). By an Order dated Nov. 17, 2014, the court granted the parties motion adding the municipal court judges.

Montgomery for Indigent Defendants and Nonpayment." The court-approved settlement specifically mandated the municipal court judges to comply with these procedures "for a period of not less than three years" following execution of the agreement. *Id*. at *9-10.

While Plaintiffs did not initially seek injunctive relief related to the specific policies and practices agreed to in *Mitchell*, they since have given notice of their intent to amend their complaint to include supplementary allegations that Defendant Westry has violated the declaratory relief agreed to and ordered by the court in *Mitchell*. See Doc. 175, pp. 10-11.[3] Claims 3 – 9 of the Complaint expressly assert the corresponding need for ongoing prospective injunctive relief to remedy the defendant's continuing violations of federal statutory and constitutional law.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court reconsider its June 20, 2019 Order (Doc. 186) dismissing "all claims" against the named Defendants, with respect specifically to claims for declaratory and injunctive relief against Defendant Judge Westry, in his official capacity.

---

[3] Doc. 175, pp. 10-11:
> The supplemental pleadings Plaintiffs intend to seek leave to file include, but are not limited to: (1) supplemental factual allegations further supporting the existence of a conspiracy actionable under Section 1983 between the City (i.e., the City Council and other city officials, employees and agents, including JCS) and its Presiding Judge, in his official capacity, to violate Plaintiffs' alleged constitutional and statutory rights;6 <u>(2) supplemental facts concerning the remaining Defendants' continued disregard of, or failure to fully comply with, the policies and procedures agreed to, and declared to be constitutionally sufficient in certain regards, in Mitchell; (3) supplemental requests for further declaratory and/or injunctive relief for violations related to issues addressed in the now-terminated settlement agreement in Mitchell</u> (as expressly contemplated in Plaintiffs' amended complaint, Doc. 32 at n. 8. : "Plaintiffs do not seek injunctive relief, at this time, on their claims that are against policies or practices which the City of Montgomery and Presiding Judge Les Hayes, III agreed to pursuant to settlement agreements in these prior cases.").

7

Respectfully submitted,

s/ Martha I. Morgan
Martha I. Morgan (ASB-3038-A46M)
8800 Lodge Lane
Cottondale, Alabama  35453
Telephone: 205-799-2692
E-mail: mimorgan@yahoo.com

Faya Rose Toure (ASB-5931-R787)
Henry Sanders (ASB-6179-A34H)
CHESTNUT, SANDERS &
 SANDERS,  LLC
One Union Street
P.O. Box 1290
Selma, Alabama 36702
Telephone: 334-526-4531
Fax: 334-526-4535
E-mail: fayarose@gmail.com
        gpompey@csspca.com

**Counsel for Plaintiffs**

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of Record, on this 25th day of June, 2019.

s/ Martha I. Morgan

**Of Counsel**