IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ANGELA MCCULLOUGH et al.,<br>on behalf of themselves, individually,<br>and on behalf of a class of all others<br>similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>THE CITY OF MONTGOMERY,<br>ALABAMA; EARNEST N. FINLEY, JR.,<br>Chief of Police of the City of<br>Montgomery, in his individual capacity;<br>KEVIN MURPHY, former Chief of<br>Police of the City of Montgomery, in his<br>individual capacity; LES HAYES III,<br>Presiding Judge of the Municipal Court<br>of the City of Montgomery, in his<br>individual and official capacities;<br>JUDICIAL CORRECTION SERVICES,<br>INC., a corporation; and TODD<br>STRANGE, Mayor of the City of<br>Montgomery, in his individual capacity,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.  2:15-CV-463-RCL |

## Joint Status Report and Proposed Discovery Plan and Scheduling Order in Response to Court's Order of June 20, 2019 (Doc. 187)

In accordance with this Court's Order of June 20, 2019 (Doc. 187), on July 3, 2019,

counsel for all parties conferred via conference call. This report documents the

agreements of the parties and a discovery plan within the constraints of that order,[1]

and also highlights some issues where the parties are not currently in agreement.

1. **Conference participants.** Those participating in the conference were:

- Faya Toure, Henry Sanders, and Martha Morgan, counsel for the Plaintiffs.[2]

- Shannon L. Holliday, Richard H. Gill, and Ben W. Maxymuk, counsel for the City of Montgomery, Alabama, Earnest N. Finley Jr., Kevin Murphy, Les Hayes III, and Todd Strange.

- Michael L. Jackson and Wilson F. Green, counsel for JCS.

2. **Discovery from other related cases.** The parties agree to stipulate to the discovery of documents, depositions and exhibits of any parties from other similar cases, specifically *Ray v. JCS, Carter v. City of Montgomery, and Thurman v. JCS* for JCS and depositions, documents, and exhibits in *Mitchell, Cleveland and Watt v. Montgomery*, *Carter v. City of Montgomery*, and *Rudolph v. City of Montgomery* for the City of Montgomery subject to any reserved objections. JCS agrees to stipulate to the discovery of the documents, depositions, and exhibits produced in *Ray v. JCS*, *Carter v. City of Montgomery and Thurman v. JCS* subject to any reserved objections. The parties' stipulation may contain reservations of rights with respect to satisfaction of the requirements of Fed. R. Civ. P. 32(a) or the Federal Rules of Evidence regarding use at trial.

3. **Protective order.** The parties have previously proposed a protective order for the purposes of protecting personal information of putative class members (Doc. 157) and request that the Court enter the proposed order or a modified version of it as the Court deems appropriate.

4. **Electronically Stored Information (ESI)**

If a document is stored in electronic form as Word, WordPerfect, Excel, or PDF, the producing party may produce the document in its native format or searchable PDF, at the election of the producing party, unless the requesting party

---

[1]    This proposed discovery plan and scheduling order may need to be revised if this Court grants Plaintiffs' pending motion for reconsideration, in whole or in part.

[2]    Plaintiffs hereby advise the Court that they have associated additional counsel, specifically Dentons (www.dentons.com), and Harold Hirshman, Esq. of that firm, and the National Center for Law and Economic Justice (www.nclej.org), to assist in the preparation and trial of this matter. Applications for admission *pro hac vice* and notices of appearance will be filed shortly.

demonstrates particularized need for the information in native format by, for example, demonstrating that the information can be read only in native format, such as formulas contained in Excel spreadsheets. If the requesting party demonstrates particularized need, and the producing party does not otherwise object to the request, the producing party will produce the information in native format. The parties will take the matter up with the Court if they cannot agree whether particularized need has been demonstrated.

a. If a document is kept only on paper, the producing party must produce a searchable PDF document.

b. If a document or information is stored in a database that is not Excel, electronic form other than Word, WordPerfect, Excel, or PDF, the producing party must contact opposing counsel before production to arrange the appropriate form of production.

**5. Discovery Plan:**

**a.** Subjects for Discovery

Plaintiffs' Position. Plaintiff will be seeking discovery on the following: The merits of Plaintiffs' and other putative class members' Count three, five, seven, eight, twelve, thirteen, and fourteen claims against the City of Montgomery and/or JCS as listed in the Court's Order (Doc. 187). The topics will include but may not be limited to: Each putative class member's history of experiences with JCS, the Montgomery Municipal Court and the Montgomery City Jail. Policies and practices of JCS, the City, City Police, Municipal Court and Jail. Each putative class member's financial status during the relevant period(s). All proceedings relating to putative class members in Montgomery's municipal court. Each putative class member's history of warrants served by and arrests by the City of Montgomery police. Each putative class member's jail work records. Jail occupancy (including holding cell), staffing and salaries, and conditions. Reports and other materials related to health and deaths of jailees. Jail policies and practices on visitation and access and cost of phone calls. Each putative class member's fines, costs, fees and JCS collection fees. JCS marketing policies and materials. JCS supervisory performance evaluations. Approval of JCS contracts by the Montgomery City Council and signing of them by Interim Mayor Jinright and Mayor Strange, respectively. Budgets and other financial reports and materials relating to the City, the City Jail, and the Municipal Court. JIC and COJ proceedings against Judge Hayes. Complaints or notices of claims related to JCS, the Municipal Court, the City Jail, or to the City police service of warrants or arrests. JCS cases extending longer than two years and those separated into two or more probation cases with holds placed on some. Compensatory and punitive damages.

In response to Defendants' position on scope set forth below, Plaintiffs note their substantive disagreement as to a number of items Defendants address. Plaintiffs do, however, agree with Defendants that scope issues should not be resolved

summarily in a Rule 26(f) plan but need to await further discussion (and, if necessary, briefing) when specific requests are propounded.

Defendants' Position. Defendants reserve all rights of objection to Plaintiffs' topics, many of which are overbroad, and contend that the scope of allowable discovery will be as allowed by Rule 26. For example, the holdings in *Thurman*, which were affirmed by the Eleventh Circuit, categorically prohibit any recovery of JCS fees, all of which were ordered under the Probation Orders themselves, and thus discovery relating to those fees should not be allowed, especially given the truncated time schedule. Defendants do not agree that all the "Subjects for Discovery" listed by Plaintiffs are relevant to the actual claims and issues remaining in this case, and do not agree that such proposed discovery is appropriate. There is no claim in the surviving complaint, for example, which involves jail visitation, cost of phone calls, jail staffing and salaries, the police service of warrants, and other subjects listed by Plaintiffs, and Defendants reserve the right to object if and when discovery on non-relevant matters is sought. In any event, it is premature for Defendants to state any definitive positions regarding any specific discovery matter until specific discovery requests are pending.

**b. Discovery Deadline and Limits**. Initial disclosures must be provided by August 2, 2019. The Court has ordered that all discovery must be completed by December 19, 2019. Any supplementation is due within a reasonable time after new information is received, but in any event no later than 45 days before the end of discovery. The parties agree to following limits on discovery:

- Limitations on Interrogatories:

    o Plaintiffs' position: Limit set by federal rules applies (25 per party).

      Subject to their position that the federal rules should govern here, Plaintiffs note the asymmetry of Defendants' position, which permits plaintiff-by-plaintiff counting when it is Defendants who are propounding but require aggregation when it is Plaintiffs who are propounding.

    o Defendants' Position: Maximum of 60 interrogatories (including discrete subparts) by Plaintiffs to each Defendant and maximum of 60 interrogatories by each Defendant to each Plaintiff.

- Limitations on Requests for Production:

    o Plaintiffs' position: No limit, per the federal rules.

      Subject to their position that the federal rules should govern here, Plaintiffs note the asymmetry of Defendants' position, which permits plaintiff-by-plaintiff counting when it is Defendants who are

propounding but require aggregation when it is Plaintiffs who are propounding.

- o Defendants' Position: Maximum of 60 requests for production (including discrete subparts) by Plaintiffs to each Defendant and maximum of 60 requests for production (including discrete subparts) by each Defendant to each Plaintiff.

- • Limitations on Requests for Admission:

  - o Plaintiffs' position: No limit, per the federal rules.

    Subject to their position that the federal rules should govern here, Plaintiffs note the asymmetry of Defendants' position, which permits plaintiff-by-plaintiff counting when it is Defendants who are propounding but require aggregation when it is Plaintiffs who are propounding.

  - o Defendants' Position: Maximum of 60 requests for admission by Plaintiffs to each Defendant and maximum of 60 requests for admission by each Defendant to each Plaintiff.

- • Limitations on Depositions:

  - o Plaintiffs' position: 10 depositions per party, per the federal rules; 7-hour limit shall not necessarily apply to multi-topic depositions under Rule 30(b)(6).

  - o Defendants' Position: Maximum of 12 depositions by Plaintiffs and maximum of 15 depositions by Defendants, collectively. Each deposition is limited to a maximum of 7 hours of examination unless extended by agreement of the parties or order of the Court.

***Plaintiffs' Position Regarding Timing of Responses***. Because of expedited deadlines, all responses to discovery requests will be due within 21 days instead of 30 days, with physical production provided on due date. ***Defendants do not agree to this position***.

***Discovery Disputes***. Any opposition to any motion requesting judicial intervention in discovery will be filed within five business days of the motion, with replies due three business days after the opposition's filing (Doc. 187).

**c. Experts**

The parties' essential disagreement on experts is that Plaintiffs insist on simultaneous disclosure of experts, whereas Defendants seek a staggered disclosure of experts.

- **Plaintiffs' Position**

  o  Parties' expert disclosures and reports must be filed no later than October 15, 2019, and those experts must be submitted for deposition by November 8, 2019.

  o  Rebuttal expert disclosures, if any, must be filed no later than November 22, 2019, and those rebuttal experts must be submitted for deposition prior to the close of discovery.

  o  Plaintiffs' ability to produce expert reports by October 15 will depend in substantial part on Defendants' compliance with discovery and, in particular, with the shortened timeframes for responses that Plaintiffs have proposed.

- **Defendants' Position**

  o  Plaintiffs' expert disclosures and reports must be filed no later than October 15, 2019, and those experts must be submitted for deposition by November 8, 2019.

  o  Defendants' expert disclosures, if any, must be filed no later than December 6, 2019, and those rebuttal experts must be submitted for deposition prior to the close of discovery.

d. **Amendment of Pleadings: Plaintiffs' Position:** Amended or supplemental pleadings must be filed by October 19, 2019. **Defendants' Position:** Any amended or supplemental pleadings should be allowed only upon a showing of good cause or as otherwise allowed under Rule 15(a).

**6. Dispositive Motions:** The Court has ordered that dispositive motions must be filed no later than January 20, 2020, with responses due February 20, 2020 and replies due March 9, 2020 (Doc. 187).

**7. Class Certification:** The parties request that the Court allow for disclosures and depositions of experts for class certification after the Court's ruling on motions for summary judgment. Regardless of when the motion for class certification is due, the parties propose that the Defendants will have 30 days to file a response to any motion for class certification, and Plaintiffs will have 21 days after the due date for Defendants' responses to file a reply brief in support of the motion for class certification. The parties propose the following schedule for post-summary-judgment class-certification-stage deadlines:

a. Plaintiffs must file and serve the disclosure and report of any expert to be used for class certification within 42 days following the Court's ruling on motions for summary judgment. Plaintiffs must make any expert to be used for class certification available for deposition within 21 days following the disclosure and report.

b. Defendants must file and serve the disclosure and report of any expert to be used for class certification within 28 days following the deposition of the Plaintiffs' experts. (If Plaintiffs do not disclose any experts for class certification, the Defendants must file and serve the disclosure and report of any experts for class certification within 70 days following the Court's ruling on the motions for summary judgment.) Defendants must make any expert to be used for class certification available for deposition within 21 days following the disclosure and report.

c. Any motion for class certification (including any supporting briefing and evidentiary submission) by Plaintiffs must be filed no later than 30 days after the last deposition of the Defendants' experts or 98 days (14 weeks) after the Court's ruling on motions for summary judgment, whichever date is later. Defendants' briefs and evidentiary submissions in response to a motion for class certification must be filed no later than 30 days following the filing of the motion. Plaintiffs' reply brief must be filed no later than 21 days following the filing of the Defendants' response briefs.

**8. Electronic Service:** Under Rule 5(b)(2)(E), Fed. R. Civ. P., the parties consent to service by electronic means of pleadings and other papers covered by Rule 6.

Respectfully submitted on July 15, 2019.

s/ *Shannon L. Holliday*

One of the Attorneys for Defendants City of
Montgomery, Earnest N. Finley Jr., Kevin
Murphy, Les Hayes III, and Todd Strange

**Of Counsel**
Shannon L. Holliday
Robert D. Segall
Richard H. Gill
Ben W. Maxymuk
Copeland, Franco, Screws & Gill, P.A.
P. O. Box 347
Montgomery, AL 36101-0347
(334) 834-1180
holliday@copelandfranco.com
segall@copelandfranco.com
gill@copelandfranco.com
maxymuk@copelandfranco.com

s/ *Michael L. Jackson*

One of the Attorneys for Defendant Judicial
Corrections Services

**Of Counsel**
Larry S. Logsdon
Michael L. Jackson
Wesley K. Winborn
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, Alabama 35253
(205) 870-0555
llogsdon@wallacejordan.com
mjackson@wallacejordan.com
wwinborn@wallacejordan.com

Wilson F. Green
Fleenor & Green LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, Alabama 35406
 (205) 722-1018
wgreen@fleenorgreen.com

s/ *Martha I. Morgan*
One of the Attorneys for Angela McCullough,
Marquita Johnson, Kenny Jones, Algi
Edwards, Levon Agee, Adrian Eddie Floyd,
Hassan Caldwell, Devron James, Ashley Dawn
Scott, and Christopher Mooney

**Of Counsel**
Martha I. Morgan
8800 Lodge Lane
Cottondale, Alabama 35453
205-799-2692
mimorgan@yahoo.com

Faya Rose Toure
Henry Sanders
Chestnut, Sanders & Sanders, LLC
One Union Street
P.O. Box 1290
Selma, Alabama 36702
Voice: 334-526-4531
Fax:   334-526-4535
fayarose@gmail.com
gpompey@csspca.com