UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

|  |  |
|---|---|
| ANGELA MCCULLOUGH et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF MONTGOMERY, ) <br> ALABAMA et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Case No. 2:15-463 |

## ORDER

This long-running putative class action under 42 U.S.C. § 1983 and Alabama state law alleges the City of Montgomery, its judges (including its municipal court's presiding chief judge), its police chief, and its mayor colluded with a private offender-funded probation agency to increase municipal revenue. Back in 2017, the Court rejected the judges' judicial immunity claim since the plaintiffs alleged the judges were motivated by a desire to generate municipal revenue, and thus acted "outside the scope of the judicial role." Mem. Op. 17, ECF No. 131. But the Eleventh Circuit reversed, holding "[a] judge's motivation is irrelevant to determining whether his act was judicial" and unambiguously concluding the judges "enjoy absolute judicial immunity." *McCullough v. Finley*, 907 F.3d 1324, 1331-32 (2018).

Following that command, the Court dismissed all claims against the judges. *See* Order, ECF No. 186. Now, plaintiffs ask the Court to reconsider, and to reinsert the presiding chief judge into the case. The Court declines.

Plaintiffs try to muddy the Eleventh Circuit's mandate by claiming it only addressed the individual capacity claims against the presiding chief judge, not the official capacity claim

preserved in a footnote to plaintiffs' amended complaint. That's a puzzling argument, not least because the Eleventh Circuit opinion's caption identifies the "Presiding Judge of the Municipal Court of the City of Montgomery" as appearing "*in his official capacity.*" *McCullough*, 907 F.3d at 1324 (emphasis added). Indeed, plaintiffs named the current presiding chief judge *only* in his official capacity. More puzzling yet, plaintiffs never explain why judicial immunity changes when judges are sued officially instead of individually.

Things get worse from there. According to their reading of the Circuit's mandate, plaintiffs can still pursue injunctive and declaratory relief from the presiding judge. But even accepting their reading for argument's sake, plaintiffs quickly run aground: their amended complaint asked for neither.

*First*, injunctive relief. Plaintiffs concede § 1983 provides for injunctive relief against judges only where a judge violates a declaratory decree. Plaintiffs further acknowledge that although they've always known the presiding chief judge had entered into a court-approved settlement according declaratory relief in *Mitchell v. City of Montgomery*, No. 14-186, 2014 WL 11099432 (M.D. Ala. Nov. 17, 2014), they did not allege he had violated it in their first amended complaint. But now they wish they had, and suggest they will seek leave to re-amend their complaint accordingly.

The Court will save them the trouble: Plaintiffs had plenty of time to seek leave to amend; they shouldn't have waited to do so within six months of the dispositive motion deadline. With the parties currently mired in class-wide discovery, amendment would pile-on a whole new dimension to the litigation, subjecting everyone to another round of motions-to-dismiss and asking the Court to oversee a different case's consent decree. Rule 15 does not require that headache, and the Court will not suffer it willingly. And by blocking that detour at the pass, the

2

Court consigns plaintiffs to an amended complaint making no mention of the presiding chief judge violating a declaratory decree. So plaintiffs cannot seek injunctive relief against him under § 1983.

*Second*, declaratory relief. Plaintiffs' amended complaint makes devastatingly clear they only sought declaratory relief against the City, not the presiding judge: "Plaintiffs also are entitled to declaratory relief and compensatory damages from the City of Montgomery, as well as compensatory and punitive damages against [the Mayor], [the police chief], [the former police chief,] and [the presiding chief judge], in their individual capacities, and against [the probation agency]." Am. Compl. ¶ 196 (emphasis added), ECF No. 32; *accord id.* at ¶¶ 203, 214, 221, 234, 242, 250. Though plaintiffs try linguistic jiu-jitsu to get around this original request, it's a Sisyphean endeavor: at best, it allows them to graft conduct initially attributed to the City onto the official capacity claims against the presiding chief judge. But that takes them back to where this Order began: the Eleventh Circuit recognized plaintiffs sued the presiding chief judge in his official capacity, granting him judicial immunity all the same.

At bottom, the Eleventh Circuit directed this Court to throw out "all of the jailees' claims against the judges," and this Court's order followed that command. *McCullough*, 907 F.3d at 1332. Because the Court cannot now act contrary to that mandate, it **DENIES** plaintiffs' motion [188] for reconsideration.

August 6, 2019

Royce C. Lamberth
United States District Judge