UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANGELA MCCULLOUGH, *et al.*,

    *Plaintiffs*,

v.

THE CITY OF MONTGOMERY,
ALABAMA, *et al.*,

    *Defendants*.

Case No. 2:15-cv-463-RCL

## MEMORANDUM AND ORDER

On September 6, 2019, plaintiffs subpoenaed Judge Armstead Lester Hayes, III ("Judge Hayes"), who is no longer a party to this case. Plaintiffs commanded him to produce the following:

    1. All documents or materials, including but not limited to reports from the Montgomery City Jail (the "Jail") and all emails or reports, regarding any aspect of giving credit for jail work to Jail prisoners or the performance of jail work by Jail prisoners.

    2. All documents or materials, including but not limited to testimony, transcripts, or exhibits, received by you or your lawyers from the Alabama Judicial Inquiry Commission in connection with the Complaint of the Alabama Judicial Inquiry Commission filed on or about November 17, 2016 in the Alabama Court of the Judiciary against Armstead Lester Hayes III, Case No. 49 (the "Complaint"), and in connection with the proceedings in that matter.

    3. All documents or materials, including but not limited to testimony, transcripts, or exhibits, received by you or your lawyers from the Alabama Court of the Judiciary in connection with the Complaint and in connection with the proceedings in that matter.

Judge Hayes accepted service of the subpoena and waived the necessity for any further or different service of the same. Pursuant to Federal Rules of Civil Procedure 45(d)(2)(B), 3(iii)(iv), and (e)(2), Judge Hayes objects to the subpoena as structured and targeted.

1

Judge Hayes also asks the Court to quash the subpoena based on judicial immunity. ECF No. 223. For the reasons set forth below, the Court grants the Motion to Quash.

**I. The Court Grants Judge Hayes's Motion to Quash Request 1.**

Beginning with Request 1, Judge Hayes has represented to this Court that he does not have in his possession any of the materials covered in that request. There is no evidence suggesting that Judge Hayes has lied, and he obviously cannot turn over materials that he does not have. Therefore, the Court grants Judge Hayes's Motion to Quash with respect to Request 1.

**II. The Court Grants Judge Hayes's Motion to Quash Request 2.**

Moving to Request 2, Judge Hayes asserts that he cannot be required to turn over these materials because of judicial immunity. In their Response to the Motion to Quash, plaintiffs "agree with Judge Hayes" that if he "provided the records to the city or its counsel . . . the subpoena should be unnecessary" and plaintiffs can simply obtain the records from the city. ECF No. 228 at 2. Judge Hayes has since explained that as far as he knows, "none of those materials were ever shared with the City because he knew that section 156 of Article VI (Judicial Department) of the Constitution of Alabama of 1901 declares that '[a]ll proceedings of the commission shall be confidential except the filing of a complaint with the Court of the Judiciary.'" ECF No. 232 at 1. Therefore, Judge Hayes's response to the Court's Order does not resolve the issue, and the parties are still in disagreement about Request 2.

This Court already found that based on the Eleventh Circuit's ruling in *McCullough v. Finley*, 907 F.3d 1324, 1335 (11th Cir. 2018), Judge Hayes has absolute

immunity for the judicial acts that plaintiffs alleged in their various pleadings. ECF No. 183. It is true that judicial immunity does not extend to administrative acts, but as this Court previously observed, the Eleventh Circuit has already found that "none of the acts alleged" against Judge Hayes in this case "were in fact administrative." *Id.* at 7. In its effort to refute the applicability of judicial immunity, plaintiffs cite only unreported district court cases. This Court is bound by prior rulings of the Eleventh Circuit, not by unreported district cases. Plaintiffs also have not argued that Judge Hayes waived any privilege or immunity with respect to the materials sought. Therefore, Judge Hayes is protected from the burdens of non-party discovery associated with his judicial acts, and the Court grants the Motion to Quash with respect to Request 2.

### III. The Court Grants Judge Hayes's Motion to Quash Request 3.

Judge Hayes objects to Request 3 on the basis that those materials are already available to plaintiffs by virtue of being publicly accessible. Judge Hayes is correct that subpoenas should not be used to obtain information that is available to the public. Because Request 3 seeks public records, the Court grants the Motion to Quash with respect to Request 3.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion to Quash. It is so Ordered.

Date: 12/5/19

Royce C. Lamberth
United States District Court Judge