UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANGELA MCCULLOUGH, et al., )<br>individually and for a class of similarly situated )<br>persons, )<br>)<br>    *Plaintiffs*, )<br>)<br>v. )<br>)<br>THE CITY OF MONTGOMERY, et al., )<br>)<br>    *Defendants*. )<br>) | Case No. 2:15-cv-463-RCL |

## ORDER

Before the Court is the City's motion to reconsider its summary judgment order as to whether Algia Edwards' claim against the city is time barred (ECF No. 276). Upon consideration of the motion, response (ECF No. 277), and reply (ECF No. 278), the Court will grant the motion.

The Court may alter interlocutory orders at any time before final judgment. Fed. R. Civ. P. 54(b); *see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 n.14 (1983).

The City argues that the Court erred in holding that the plaintiffs' claims were tolled under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 552–53 (1974), during the pendency of *Ray v. JCS*, No. 2:12-cv-2819 (N.D. Ala. Apr. 26, 2013), because the City was not a party to that action. The City is correct. While *Ray* tolled the plaintiffs' claims against JCS, it did not toll their claims against the City.

The plaintiffs do not contest that argument, and they acknowledge that even using *Mitchell v. City of Montgomery*, No. 2:14-cv-186 (N.D. Ala. Mar. 18, 2014), to toll the statute of limitations does not help Mr. Edwards. Instead, they argue that the Court should not reconsider its order

1

because the City forfeited its statute of limitations argument.[1] The Court disagrees. The City raised the statute of limitations as an affirmative defense and contested the timeliness of plaintiffs' claims in both its motion to dismiss and motion for summary judgment. The City has consistently raised the defense, and no rule bars this motion. While the City could have streamlined this litigation by raising this precise statute of limitations issue earlier, the Court agrees with the City that now is an appropriate time to address whether Mr. Edwards' claim is time barred. And it is.

Finally, the Court notes that the parties continue to dispute whether and how *Mitchell* affects the proposed classes.

The Court therefore:

- **GRANTS** the motion to reconsider;

- **RECONSIDERS** its memorandum opinion (ECF No. 269) and order (ECF No. 270) on summary judgment and amends its prior rulings to hold that Mr. Edwards claims are time barred;

- **GRANTS SUMMARY JUDGMENT** to the City for Mr. Edwards' claims under Count VIII and dismisses those claims with prejudice; and,

- **DIRECTS** the parties to address in their class certification briefing whether and how *Mitchell* affects the proposed classes.

**IT IS SO ORDERED.**

Date: 9/11/20

Royce C. Lamberth
United States District Judge

---

[1] The plaintiffs describe the City's forfeiture as a waiver. *But see United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'").