# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

ANGELA MCCULLOUGH, et al.,
individually and on behalf of a class of
similarly situated persons,

    *Plaintiffs,*

v.

THE CITY OF MONTGOMERY, et al.,

    *Defendants.*

Case No. 2:15-cv-463-RCL

## ORDER

Before the Court is the City of Montgomery's Motion [301] to for Partial Reconsideration.

The City asserts in its motion that plaintiff Kenny Jones's § 1983 claims are time barred. In response, Mr. Jones argues that Alabama Code § 6-2-8 extends the statute of limitations for his claim from two years to twenty because he is intellectually disabled and thus "insane" under § 6-2-8.[1] In its reply, the City argues that an intellectually disabled plaintiff is insane under the statute only if he is legally incompetent.

The meaning of § 6-2-8 is a question of state law. But how § 6-2-8 applies to mental disabilities is an open question. *See Garrison v. Alabama Dep't of Corr.*, 2:15-cv-846-MHT, 2016 WL 2636673, at *1 (M.D. Ala. May 9, 2016) ("The Alabama courts have not clearly elucidated 'what constitutes an "unsound mind" for purposes of tolling the running of the limitations period

---

[1] Alabama Code § 6-2-8(a) provides in relevant part "If anyone entitled to commence [a civil action] . . . is, at the time the right accrues, . . . insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action . . . . No disability shall extend the period of limitations so as to allow an action to be commenced . . . after the lapse of 20 years from the time the claim or right accrued."

1

until removal of the disability.'" (*quoting Travis v. Ziter*, 681 So. 2d 1348, 1352 (Ala. 1996)). As far as the Court can tell, the Alabama Supreme Court has not answered the question.[2] So, determining whether Mr. Jones' disability qualifies him as insane appears to require the Court to hazard an "*Erie* guess" as to how the Alabama Supreme Court would answer the question. *See, e.g., Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994) (predicting how Alabama Supreme Court would resolve another § 6-2-8 issue). The parties have not addressed how the lack of a controlling state court interpretation of the statute will affect this Court's decision.

Therefore, the Court **ORDERS** the parties to submit supplemental briefing on the following questions:

- Whether the Alabama Supreme Court has interpreted how § 6-2-8 applies to intellectually disabled plaintiffs.
- If not, whether any *state* court decisions provide guidance as to how the Alabama Supreme Court would apply § 6-2-8 to intellectually disabled plaintiffs.
- Whether, if presented the question, the Alabama Supreme Court would interpret § 6-2-8 to cover Mr. Jones.
- Whether the Court should certify to the Alabama Supreme Court the question of how § 6-2-8 applies to intellectually disabled plaintiffs.

---

[2] Incapacity is certainly *sufficient* to render a person insane under § 6-2-8. *See, e.g., Spann v. First Nat. Bank of Montgomery*, 200 So. 554, 557 (Ala. 1941); *Ala. Power Co. v. Shaw*, 111 So. 17, 20 (Ala. 1926). But as far as the Court can tell, the Alabama Supreme Court has not addressed whether incapacity is *necessary*. Additionally, none of these cases addresses intellectual disability as modern medicine understands the condition.

Additionally, federal courts have passed on the applicability of § 6-2-8 to intellectual disabilities on a few occasions. *See, e.g., Robinson v. Ala Dep't of Mental Health*, 7:16-cv-01666-RDP, 2017 WL 1282244, at *3 (N.D. Ala. Apr. 6, 2017); *Love v. Wyeth*, 569 F. Supp. 2d 1228, 1232–34 (N.D. Ala. 2008). But those cases, while potentially persuasive, do not help in predicting how the Alabama Supreme Court would answer the question.

Mr. Jones and the City shall file briefs addressing these questions by 5:00 p.m. CDT on December 15, 2020. Mr. Jones and the City may file replies addressing the other's opening brief by December 22, 2020.

**IT IS SO ORDERED.**

Date: 12/9/20

Royce C. Lamberth
United States District Judge