**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ANGELA MCCULLOUGH**, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>**THE CITY OF MONTGOMERY**, et al.,<br><br>*Defendants.* | Case No. 2:15-cv-463-RCL |

## SCHEDULING ORDER

The Court presently intends to proceed to trial as scheduled. The Court will reevaluate the conditions in Montgomery prior to the pretrial conference. If the Court does not believe that a trial can be held safely, it will issue an order continuing the trial.

The parties shall adhere to the following deadlines:

- Filing of Pretrial Motions (except Motions in Limine) — February 15, 2021
- Filing of Opposition to Pretrial Motions — March 1, 2021
- Exchange of Witness and Exhibit Lists — March 1, 2021
- Exchange of Deposition Designations — March 3, 2021
- Filing of Objections to Deposition Designations — March 8, 2021
- Exchange of Deposition Counter-designations — March 8, 2021
- Filing of Objections to Witnesses and Exhibits — March 8, 2021
- Filing of Motions in Limine — March 8, 2021
- Filing of Proposed Jury Instructions — March 8, 2021
- Filing of Objections to Deposition Counter-designations — March 12, 2021
- Objections to Motions in Limine — March 15, 2021

| | |
|---|---|
| • Filing of Joint Pretrial Statement | March 23, 2021 |
| • Pretrial Conference (by videoconference) | March 25, 2021<br>10:00 a.m. |
| • Filing of Trial Briefs (optional) | March 29, 2021 |
| • Jury Selection | April 1, 2021<br>9:30 a.m. |
| • Opening Arguments | April 2, 2021 |

The witness list shall include the names and addresses of individuals who are expected to testify at trial. While identification of an individual does not obligate the party to call that individual as a witness, any individual not identified will be precluded from testifying at trial without leave of Court, which will be granted only for good cause shown. A rebuttal witness, the identity of whom cannot reasonably be foreseen ahead of trial, need not be identified in the witness list. The witness list shall also include whether a party plans to call a witness at trial by reading a deposition or showing any part of video deposition. If so, counsel must provide opposing counsel of those portions of the deposition(s) to be read or played by video no later than March 3, 2021; opposing counsel may provide original designating counsel any counter-designations, as well as any objections to those portions of transcribed or video depositions designated by original designating counsel no later than March 8, 2021; original designating counsel may make any objections they have to the counter-designation(s) no later than March 12, 2021.

The exhibit list shall identify or describe all writings, recordings and other tangible exhibits that the parties may use at trial. Documents so identified are to be made readily available to any party requesting the opportunity to review and copy. Proffering counsel shall have such evidence marked for identification prior to trial.

Counsel for plaintiffs shall arrange a conference to prepare a joint pretrial statement. The joint pretrial statement shall include:

- A statement of the case, setting forth a brief description of the nature of the case, the identities of the parties, and the basis of the Court's jurisdiction;
- A statement of claims made by the plaintiffs;
- A statement of defenses raised by the defendants;
- A schedule of witnesses to be called by the parties, setting forth the full names and addresses of all witnesses the party may call if not earlier called by another party, separately identifying those whom the party expects to present and those whom the party may call if the need arises including rebuttal witnesses; the schedule shall also set forth a brief description of the testimony to be elicited from the witness and an estimate of the time the party will take in eliciting such testimony; the parties need not list any witness who will be called solely for impeachment purposes;
- A list of exhibits to be offered in evidence by the parties, setting forth a description of each exhibit the parties may offer in evidence (other than those created at trial), separately identifying those which the parties expects to offer and those which the parties may offer if the need arises;
- A designation of depositions, or portions thereof, to be offered in evidence by the parties, identifying each deposition or portion thereof (by page and line numbers) the parties intend to offer in evidence and including any cross-designation pursuant to FRE 106;
- An itemization of damages the plaintiffs seek to recover, setting forth separately each element of damages, and the monetary amount thereof, the plaintiffs claim to

3

be entitled to recover of any other party, including prejudgment interest, punitive damages and attorneys' fees; no monetary amount need be set forth for elements of intangible damage;

- A request for any other relief sought by the plaintiffs, setting forth all relief, other than judgment for a sum of money, the plaintiffs claim to be entitled to receive against any other party;
- A statement of stipulated facts (both already agreed and proposed);
- Stipulations concerning the authenticity of documents and admissibility of exhibits (both already agreed and proposed);
- A list of motions to be decided before or at the commencement of trial;
- Proposed, and agreed upon, jury voir dire questions; and
- Proposed, and agreed upon, jury instructions, together with objections thereto, and supporting memoranda of law if appropriate.
- Proposed amendments to the pleadings; and,
- An estimate of trial time.

No party shall be allowed to conduct further discovery in this case. The Court's order of June 20, 2019, unequivocally closed discovery on December 19, 2019. Order 2, ECF No. 187. The plaintiffs have not demonstrated that they could not have conducted expert discovery before that deadline. Accordingly, they cannot show good cause to modify the June 2019 order. *See* Fed.

R. Civ. P. 6(b)(1)(B), 16(b)(4); *see also Roberson v. BancorpSouth Bank, Inc.*, No. CIV.A. 12-0669-WS-N, 2013 WL 4870839, at *1–2 (S.D. Ala. Sept. 12, 2013)

**IT IS SO ORDERED.**

Date: 1/25/2021

Royce C. Lamberth
United States District Judge