IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANGELA MCCULLOUGH, et al., | ) |
| | ) |
| Plaintiffs, | )   CASE NO: 2:15-CV-463-RCL |
| | ) |
| VS. | ) |
| | ) |
| THE CITY OF MONTGOMERY, ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR APPROVAL TO DISPOSE OF RECORDS**

COMES NOW, the City of Montgomery, and, out of an abundance of caution, seeks approval from this Court to dispose of certain records that potentially contain information about putative class members. This Motion has been filed simultaneously in this case and in *Carter v. City of Montgomery,* Case No. 2:15-cv-00555-RCL, which raises similar claims and which case has proceeded on a parallel track before this Court. As grounds for the same, the City shows the following:

**I.  Discovery in these cases closed years ago, and the cases are ready for trial.**

1. Plaintiffs have made no argument to justify preservation of these documents. The discovery period in both of the above-styled cases "unequivocally closed" on December 19, 2019.[1]

2. Said discovery closed prior to this Court's June 7, 2020 rulings on summary judgment. *See McCullough v. City,* Case No. 2:15-cv-463-RCL, ECF 270 (June 7, 2020 Summary

---

[1] *See McCullough v. City,* Case No. 2:15-cv-463-RCL, ECF 359 at 4 (Trial Scheduling Order) in which this Court made it perfectly clear that discovery which had closed in December 2019 was not to be reopened: "No party shall be allowed to conduct further discovery in this case. The Court's order of June 20, 2019, unequivocally closed discovery on December 19, 2019. Order 2, ECF No. 187." *See Carter v. City of Montgomery*, Case No. 2:15-cv-00555-RCL, ECF 382 at 4 (same language) & 214 at 3 (original order setting deadline).

Judgment Order) & *Carter v. City,* Case No. 2: 15-cv-555-RCL, ECF 293 (June 7, 2020 Summary Judgment Memorandum Opinion). Thus, discovery was fully conducted even as to those claims disposed of at summary judgment.

3. Close of discovery occurred a full year before this Court's December 23, 2020 rulings initially denying class certification. *See McCullough* (ECF No. 349) (denial of class certification opinion) & *Carter* (ECF No. 369) (same). All discovery motions have been fully resolved. Thus, discovery was fully conducted as too all class-wide claims.

4. In fact, these cases were set for trial on April 2, 2021 (McCullough v. City of Montgomery, ECF 359) and April 23, 2021 (Carter v. City of Montgomery, ECF 382), respectively, prior to the first appeal by the Plaintiffs in both cases on class certification. The cases are now on their second class certification appeal and are set for hearing before the Eleventh Circuit in November 2023. These appeals are the only reason the cases have not been tried and disposed of long ago.

**II.  The City has been advised to dispose of certain documents which Plaintiffs could have reviewed during discovery.**

5. In or around June of this year, the City of Montgomery was advised to dispose of certain documents that contain hard files from the jail associated with the jail time served by potential putative class members. These files were stored in a building known as the Old City Morgue well prior to the filing of these lawsuits, which facility was not climate controlled. The documents were maintained there both prior to and throughout the pendency of this litigation. Over the years, the documents (hereinafter the "Morgue Documents") were exposed to mold and mildew. The documents, many of which are now well over a dozen years old, present a health hazard and fire hazard, thus the need for them to be disposed of.

6.     Plaintiffs' counsel in *McCullough* were given access to the Morgue Documents prior to the close of discovery and chose not to review them. Carter's discovery requests were focused on data provided in electronic format which requests did not involve the Morgue Documents. The Morgue Documents contained in large part hard copies printed from the Municipal Court's electronic records system and/or the City's Police Department electronic records system. That information was provided to both *McCullough* and *Carter* counsel in discovery.

**III.    Plaintiffs' counsel in both cases were given notice of the intent to dispose of the documents in an abundance of caution and objected to the same without providing any ground for their objections.**

7.     On May 18, 2023, counsel for the City of Montgomery, in an abundance of caution, gave notice to all counsel of record in both cases of the City's intent to dispose of the Morgue Documents due to the health hazards and fire hazards associated with them. It should further be noted that these documents cannot be relocated to a traditional storage facility due to mold issues. Counsel for both sets of Plaintiffs objected to any such disposal.

8.     Despite their objections, the Plaintiffs have asserted no argument as to why, after the close of discovery, they now have a right to force the City to preserve the documents. The City, in an abundance of caution, asks this court to approve the disposal of the Morgue Documents.

WHEREFORE, the City of Montgomery asks this Court to grant this Motion and to approve disposal of the Morgue documents.

Respectfully submitted this 8th day of August, 2023.

        s/ Shannon L. Holliday
        Shannon L. Holliday [ASB-5440-Y77S]
        Richard H. Gill [ASB-7945-G70R]
        Robert D. Segall [ASB-7354-E68R]
        COPELAND, FRANCO, SCREWS & GILL, P.A.
        P.O. Box 347
        Montgomery, AL 36101-0347
        holliday@copelandfranco.com
        gill@copelandfranco.com
        segall@copelandfranco.com
        **Attorneys for Defendant City of Montgomery**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of August, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Martha I. Morgan<br>8800 Lodge Lane<br>Cottondale, Alabama  35453<br>mimorgan@yahoo.com<br><br>Harold C. Hirshman<br>Jennifer A. Barrett<br>Dentons US LLP<br>233 South Wacker Drive<br>Suite 5900<br>Chicago, IL  60606<br>harold.hirshman@dentons.com<br>jennifer.barrett@dentons.com<br><br>Stephen J. O'Brien<br>Dentons US LLP<br>One Metropolitan Square, Suite 3000<br>St. Louis, MO  63102<br>stephen.obrien@dentons.com<br><br>Larry S. Logsdon<br>Michael L. Jackson<br>Wesley K. Winborn<br>Jonathan Griffith<br>Wallace, Jordan, Ratliff & Brandt, L.L.C.<br>P.O. Box 530910<br>Birmingham, AL  35253<br>llogsdon@wallacejordan.com<br>mjackson@wallacejordan.com<br>wwinborn@wallacejordan.com<br>jgriffith@wallacejordan.com | Faya Rose Toure<br>Henry Sanders<br>Chestnut, Sanders & Sanders, LLC<br>P.O. Box 1290<br>Selma, AL  36702<br>fayarose@gmail.com<br>gpompey@csspca.com<br><br>Greg Bass<br>Claudia Wilner<br>National Center for Law and Economic Justice<br>275 Seventh Avenue, Suite 1506<br>New York, NY  10001<br>bass@nclej.org<br>wilson@nclej.org<br>wilner@nclej.org<br><br>R. Bernard Harwood, Jr.<br>Rosen Harwood, P.A.<br>2200 Jack Warner Parkway<br>Suite 200<br>Tuscaloosa, AL  35401<br>bharwood@rosenharwood.com<br><br>Wilson F. Green<br>Fleenor & Green LLP<br>P.O. Box 2536<br>Tuscaloosa, AL  35403<br>wgreen@fleenorgreen.com |

                                        s/ Shannon L. Holliday
                                        Of Counsel